2001 UT 68

**STATE of Utah, Plaintiff and Petitioner,**

v.

**Christopher Blain OSTLER, Defendant and Respondent.**

**No. 20000287.**

Supreme Court of Utah.

Aug. 10, 2001.

Mark L. Shurtleff, Att'y Gen., Christine F. Soltis, Asst. Att'y Gen., Kevin Murphy, Salt Lake City, for plaintiff.

Joan C. Watt, Salt Lake City, for defendant.

On Certiorari from the Utah
Court of Appeals

DURHAM, Justice:

¶ 1 The State petitions this court to reverse the decision of the court of appeals vacating Christopher Blaine Ostler's misdemeanor convictions. Ostler was charged with joyriding, a class A misdemeanor, and assault, a class B misdemeanor, in violation of sections 41–1a–1314(1) and 76–5–102 of the Utah Code respectively. Ostler pled guilty to both charges, but later moved to withdraw the pleas. The district court held that it lacked jurisdiction to hear Ostler's motion pursuant to section 77–13–6(2)(b) of the Utah Code which requires that requests for plea withdrawals be made "within 30 days after the entry of the plea." The court of appeals affirmed the trial court's ruling regarding jurisdiction, but vacated Ostler's convictions because the district court had failed to strictly comply with rule 11(e) of the Utah Rules of Criminal Procedure. *State v. Ostler*, 2000 UT App 28, ¶ 20, 996 P.2d 1065.

**BACKGROUND[1]**

¶ 2 On January 12, 1998, Ostler was charged with joyriding and assault. A plea

---

**1.** See *State v. Ostler*, 2000 UT App 28, ¶¶ 2–5, 996 P.2d 1065 for a more complete version of the facts.

colloquy was held on February 19, 1998, at which Ostler pled guilty to both charges. Three months later, on May 20, 1998, Ostler was sentenced. Nineteen days after sentencing, Ostler filed a motion to withdraw his guilty pleas. The district court denied Ostler's motion as untimely under section 77–13–6(2)(b) of the Utah Code, which provides that "[a] request to withdraw a plea of guilty or no contest is made by motion and shall be made within 30 days after the entry of the plea." Ostler filed a timely notice of appeal.

¶ 3 The court of appeals held that Ostler's motion to withdraw was untimely. It relied on *State v. Price*, 837 P.2d 578 (Utah Ct.App. 1992), which held that section 77–13–6(2)(b)'s thirty-day limit on filing a motion to withdraw a plea of guilty runs from the date of the plea colloquy and is jurisdictional in nature. *See State v. Ostler*, 2000 UT App 28, ¶ 8, 996 P.2d 1065. Nevertheless, the court of appeals vacated Ostler's convictions on plain error grounds because the district court failed to strictly follow the mandates of rule 11(e) of the Utah Rules of Criminal Procedure. *See id.* at ¶ 27.

¶ 4 On certiorari, the State asks us to uphold the ruling in *State v. Price* regarding the jurisdictional nature of section 77–13–6(2)(b), and reverse the court of appeals in this case. In addition, the State contends that due to the jurisdictional nature of section 77–13–6, an untimely motion to withdraw a guilty plea also deprives appellate courts of jurisdiction to consider the merits of the motion, even if plain error or extraordinary circumstances exist. In response, Ostler argues that *Price* should be overruled because the language of the statute is ambiguous and the thirty-day limitation on the filing of a motion to withdraw should run from the entry of judgment, not from the date of the

plea colloquy. He also contends that the thirty-day limitation in section 77–13–6(2)(b) is not jurisdictional, but directional only. Finally, he argues that an absolute time bar to filing a motion to withdraw a guilty plea is unconstitutional.

## STANDARD OF REVIEW

■ ¶ 5 We review the court of appeals's interpretation of a statute for correctness and give no deference to its conclusions of law. *Newspaper Agency Corp. v. Auditing Div. of the Utah State Tax Comm'n*, 938 P.2d 266, 267 (Utah 1997) (citing *State v. Christensen*, 866 P.2d 533, 535 (Utah 1993)).

## ANALYSIS

¶ 6 We first consider whether section 77–13–6(2)(b)'s thirty-day limitation on filing of a motion to withdraw a guilty plea runs from the date of the plea colloquy, as held by the court of appeals in *Price*, or whether it runs from the date of final judgment as asserted by Ostler.[2]

■ ¶ 7 When faced with a question of statutory construction, "we seek to give effect to the intent of the legislature in light of the purpose the act was meant to achieve. In doing so, we look [first] to the plain language of the [statute]. . . ."*Gutierrez v. Medley*, 972 P.2d 913, 915 (Utah 1998). "[W]e need not look beyond the plain language of [the] provision unless we find some ambiguity in it." *In re Worthen*, 926 P.2d 853, 866 (Utah 1996) (citing *Schurtz v. BMW of N. Am., Inc.*, 814 P.2d 1108, 1112 (Utah 1991)). "If we find the provision ambiguous . . . we then seek guidance from the legislative history and relevant policy consider-

---

2. The State contends that this issue has already been decided. It relies on *State v. Johnson*, 856 P.2d 1064 (Utah 1993), *State v. Abeyta*, 852 P.2d 993 (Utah 1993), and *Salazar v. Utah State Prison*, 852 P.2d 988 (Utah 1993), asserting that these cases have already addressed the issue of when the thirty-day limit in section 77–13–6 begins to run. However, none of those cases is dispositive of the issue before the court. In *Johnson*, the defendant did not file a motion to withdraw in the trial court. *See Johnson*, 856 P.2d at 1067. Therefore, the issue of whether the defendant's pleas were void was not properly

before the court. In *Abeyta*, we held that section 77–13–6 was not a retroactive statute and that it did not apply to the defendant in that case. *See Abeyta*, 852 P.2d at 995. Therefore we did not rule on the running of the thirty-day limit. Finally, in *Salazar*, although the defendant did file a motion to withdraw, which was denied by the trial court as untimely under section 77–13–6(2)(b), the defendant did not appeal the denial and consequently, the issue of the running of the thirty-day limit was not before us. *See Salazar*, 852 P.2d at 990 n. 3.

ations." *Id.* (citing *World Peace Movement of Am. v. Newspaper Agency Corp.*, 879 P.2d 253, 257–58 (Utah 1994)).

¶ 8 Section 77–13–6 of the Utah Code states:

(1) A plea of not guilty may be withdrawn at any time prior to conviction.

(2) (a) A plea of guilty or no contest may be withdrawn only upon good cause shown and with leave of the court.

(b) A request to withdraw a plea of guilty or no contest is made by motion and shall be made *within 30 days after the entry of the plea.*

(3) This section does not restrict the rights of an imprisoned person under rule 65B, Utah Rules of Civil Procedure.

(Emphasis added.) The portion of the statute in question is the phrase "entry of the plea." That language could reasonably be interpreted to refer either to the time the plea is accepted by the court and entered in the record, or to the time of entry of judgment of conviction on the plea, which generally occurs at sentencing. Because there is more than one reasonable interpretation of the statute, and because there is no indication on the face of the statute which of the possible interpretations was intended by the legislature, we conclude that the statute is ambiguous as to the meaning of the phrase "entry of the plea."

¶ 9 Having found the statute ambiguous, we examine its legislative history for assistance in determining legislative intent. In 1989, Senate Bill 81, amending section 77–13–6 of the Utah Code was passed. During the Senate debates, the sponsor of the legislation, Senator Richard J. Carling, explained:

At the present time, there is no limitation on when a person can withdraw a guilty plea. The courts and prosecutors have indicated this has happened sometimes even after four and five years after a person has entered a guilty plea when there's no way to come back and retry the case after the evidence is gone. In order to be fair to both the defendant and to the state, this bill has been presented which would indicate that a person may withdraw their [sic] guilty plea only within 30 days after

they entered that plea *and there has been a final disposition* . . . .

(Floor Debate, remarks of Sen. Richard J. Carling, 48th Utah Leg., Gen. Sess. (January 24, 1989)(Sen. CD No. 28)) (emphasis added). When the bill was debated in the House, Representative Daniel H. Tuttle stated:

[T]he issue here is a thirty-day retraction of a guilty plea. Sometimes people are sentenced to jail and they plead guilty, *then they go to jail, and then they wait a long time* . . . and then they come back and withdraw the plea. And so this puts a 30–day time limit on it. . . . Sometimes they've gone as long as four to five years before they withdrew the guilty plea. . . . So this is just streamline [sic] it and get [sic] it back where everything's fair and a speedy trial.

(Floor Debate, remarks of Rep. Daniel H. Tuttle, 48th Utah Leg., Gen. Sess. (Feb. 8, 1989)(H.R. Recording No. 1 side 2)) (emphasis added). Although we recognize the limited helpfulness of floor debates in general, the foregoing comments suggest that the purpose of the statute was to set guidelines to prevent defendants from filing motions to withdraw guilty pleas many months or even years after final disposition of the case. The comments reflect an understanding that the thirty-day limitation would not begin to run until after entry of judgment and sentencing, with no concern expressed about the fact that there is often a (relatively short) delay between the "taking" of a guilty plea by the court and the sentencing hearing.

¶ 10 Construing the statute to require the thirty days to run from final disposition is consistent with its purpose of preventing lengthy delays before the filing of motions to withdraw and avoids serious problems that would arise under the State's view. If the thirty-day limitation ran from the plea colloquy, as the state argues, a district court could not entertain such a motion, even one based on evidence of actual innocence and supported by the prosecution, brought before the entry of judgment and conviction, but more than thirty days from the taking of the plea. Because considerable investigation of the defendant and the crime generally occurs between the taking of pleas and the sentenc-

ing hearing, often in the form of ninety-day evaluations by Adult Probation and Parole, the thirty days will frequently run out before sentencing. Given further the possibility that the investigation itself may occasionally produce information affecting the validity of the plea or the actual guilt of the defendant, it makes no sense to deprive the district court of the power to review a plea before it enters a judgment of conviction and sentence. Furthermore, because *State v. Johnson,* 856 P.2d 1064, 1067 (Utah 1993), requires a defendant to move for a withdrawal in the district court before he can challenge a plea on appeal, his appeal rights on the plea question could be cut off before he has even been convicted of the underlying offense. Aside from being absurd, such a result might pose constitutional problems.

¶ 11 Accordingly, we hold that the thirty-day limitation on the filing of a motion to withdraw a plea of guilty or no contest runs from the date of final disposition of the case at the district court.[3] We overrule the holding in *State v. Price,* 837 P.2d 578 (Utah Ct.App.1992), that section 77–13–6's thirty-day limitation on filing a motion to withdraw a guilty plea runs from the date of the plea colloquy.

¶ 12 In light of our decision, defendant's motion to withdraw his pleas was timely under the statute.

## CONCLUSION

¶ 13 We hold that the thirty-day limit for filing a motion to withdraw a guilty plea found in section 77–13–6(2)(b) of the Utah Code begins to run at the time the district court enters final judgment. Since Ostler's motion was filed prior to entry of final judgment in his case, it was timely. Therefore we affirm the result of the decision of the court of appeals vacating Ostler's convictions, ordering withdrawal of his guilty pleas, and remanding the case to the district court for further proceedings. Because the decision of the court of appeals was premised on plain error rather than on the merits of defen-

dant's motion to withdraw his pleas, we affirm its decision only as to result, without comment on its analysis.

¶ 14 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURRANT, and Justice WILKINS concur in Justice DURHAM'S opinion.

---

3. Final disposition means the entry of final judgment of conviction at the district court. The running of the thirty-day limit parallels the running of the thirty-day limit of filing a notice of

appeal or a petition for a writ of certiorari under rule 4 and rule 48 of the Utah Rules of Appellate Procedure.