2007 UT 11

**Adolph Ellington GRIMMETT, Plaintiff and Appellant,**

v.

**STATE of Utah, Defendant and Appellee.**

**No. 20050143.**

Supreme Court of Utah.

Jan. 23, 2007.

---

Elizabeth Hunt, Salt Lake City, for plaintiff.

Mark L. Shurtleff, Att'y Gen., Jeffrey S. Gray, Asst. Att'y Gen., Salt Lake City, for defendant.

On Certification from the Utah
Court of Appeals

PARRISH, Justice:

¶ 1 Plaintiff Adolph Grimmett appeals from a denial of his motion to withdraw several guilty pleas. The question raised by this appeal stems from the intersection of the nunc pro tunc resentencing remedy we outlined in *State v. Johnson*, 635 P.2d 36, 38 (Utah 1981), and Utah Code section 77–13–6(2)(b), which establishes the time limitations governing motions to withdraw. More specifically, we must determine whether a resentencing order under *Johnson* extends the time during which a defendant may file a motion to withdraw under section 77–13–6(2)(b). We conclude that it does not and thus affirm.

## BACKGROUND

¶ 2 In December 2002, Grimmett was charged by information with aggravated kidnapping, attempted automobile theft, assault, and public intoxication. The charges arose from an incident at the University of Utah during which Grimmett attacked a woman as she was getting into her car. Grimmett's appointed counsel, Robin Ljungberg, advised Grimmett that his ethnicity would negatively affect his chances at trial. Ljungberg also stated that the high-profile Elizabeth Smart case "would have an impact on the jury." Grimmett followed Ljungberg's advice and pled guilty to a reduced charge of attempted aggravated robbery, attempted theft, and assault. The district court entered a final judgment in March 2003 and sentenced Grimmett to consecutive prison terms of varying lengths.

¶ 3 Several months later, Grimmett began writing letters to the district court complaining that Ljungberg had neither filed an appeal nor moved to withdraw his guilty pleas, despite his requests that Ljungberg do so. Ljungberg confirmed the truth of these allegations, but the district court informed Grimmett that it lacked jurisdiction to reconsider the sentence and advised him to appeal. The district court treated Grimmett's fourth letter as a notice of appeal. The court of appeals subsequently dismissed the appeal in July 2004, citing its untimeliness. *State v. Grimmett*, 2004 UT App 235U, 2004 WL 1534563.

¶ 4 In June 2004, two weeks before the court of appeals dismissed Grimmett's appeal, his newly appointed counsel filed a petition for post-conviction relief under the Post–Conviction Remedies Act (the "PCRA"), Utah Code Ann. §§ 78–35a–101 to –110 (2002 & Supp.2006), and rule 65C of the Utah Rules of Civil Procedure. In his petition, Grimmett sought resentencing and alternatively moved to withdraw his guilty pleas, arguing that they had been involuntary.

¶ 5 The State responded to Grimmett's post-conviction petition by agreeing that he should be resentenced nunc pro tunc pursuant to our decision in *State v. Johnson*, 635 P.2d 36, 38 (Utah 1981), thereby restoring his right to appeal. In January 2005, the district court ordered that Grimmett be resentenced. Subsequent to the district court's resentencing order but prior to the actual resentencing, Grimmett filed a motion to withdraw his guilty pleas or, in the alternative, to reduce the degrees of the offenses prior to being resentenced. The district court denied the motion and instead resentenced Grimmett nunc pro tunc, ruling that it lacked jurisdiction to consider Grimmett's motion to withdraw his pleas.

¶ 6 Grimmett filed a timely appeal. He subsequently filed a motion with the court of appeals asking that it either summarily reverse his convictions or order a remand hearing on his claim of ineffective assistance of counsel under rule 23B of the Utah Rules of Civil Procedure. The court of appeals denied the motion and certified the appeal for transfer to this court. We have jurisdiction under Utah Code section 78–2–2(3)(b).

## ANALYSIS

¶ 7 This appeal requires that we determine whether a defendant timely files a motion to withdraw his guilty plea under Utah Code section 77–13–6(2)(b) when the motion is filed after the district court has ordered that the defendant be resentenced but before the actual resentencing. Stated differently, the question before us is whether the application of the *Johnson* nunc pro tunc resentencing remedy permits a defendant to withdraw his guilty pleas under Utah Code section 77–13–6(2)(b), which requires that a motion to withdraw a plea be made before sentencing. We conclude that Grimmett's motion to withdraw his guilty plea was untimely and thus affirm the district court's denial of Grimmett's motion to withdraw.

¶ 8 Utah Code section 77–13–6(2)(b) establishes the filing limitations that govern a criminal defendant's right to withdraw a guilty plea. These filing limitations are jurisdictional. *State v. Merrill*, 2005 UT 34, ¶ 20, 114 P.3d 585. Section 77–13–6(2)(b) "imposes a jurisdictional bar on late-filed motions to withdraw guilty pleas," *id.* ¶ 17, and failure to comply with its requirements "extinguishes a defendant's right to challenge the validity of the guilty plea on appeal," *State v. Reyes*, 2002 UT 13, ¶ 3, 40 P.3d 630. Grimmett must therefore comply with the requirements of section 77–13–6(2)(b) if he seeks to challenge the validity of his guilty pleas on appeal. *See Manning v. State*, 2005 UT 61, ¶ 36, 122 P.3d 628 ("Any challenge to [a guilty plea] may only be undertaken following a timely motion for withdrawal of the guilty plea.").

¶ 9 Grimmett contends that his January 2005 motion to withdraw his guilty pleas met the jurisdictional requirements of section 77–13–6(2)(b), despite the fact that it was filed twenty-two months after his sentencing. Because section 77–13–6(2)(b) underwent substantial revision in May 2003 and the parties disagree about which version of the statute controls, we review both versions and conclude that Grimmett's challenge fails under both.

## I. THE 1989 VERSION OF UTAH CODE SECTION 77–13–6(2)(B)

¶ 10 The prior version of section 77–13–6(2)(b), which was first adopted by the legislature in 1989 and remained in effect at the time of Grimmett's original March 2003 sentencing, reads as follows: "A request to withdraw a plea of guilty or no contest is made by motion and *shall be made within 30 days after the entry of the plea*" (emphasis added). Grimmett's motion, filed almost two years after the entry of his guilty plea, clearly fails to meet the thirty-day jurisdictional requirement of the 1989 statute. Grimmett nevertheless argues that we should excuse his noncompliance, noting our statement that a "presentence motion to withdraw a guilty plea should, in general, be liberally granted." *State v. Gallegos*, 738 P.2d 1040, 1042 (Utah 1987). *Gallegos* is unavailing here, however, for two reasons.

¶ 11 First, Grimmett's January 2005 motion to withdraw was not a "presentence motion," as it was filed twenty-two months after the announcement of his sentence. Second, and more importantly, we made the statement on which Grimmett relies while reviewing the 1980 version of section 77–13–6, which imposed no jurisdictional time limitations on motions to withdraw. That version read: "A plea of guilty or no contest may be withdrawn only upon good cause shown and with leave of court." Utah Code Ann. § 77–13–6 (1982) (amended 1989 & 2003); *see also State v. Abeyta*, 852 P.2d 993, 994–96 (Utah 1993) (applying the 1980 version of the statute and holding that it potentially allowed a criminal defendant to withdraw a guilty plea almost three years after sentencing).

¶ 12 Section 77–13–6, however, was amended by the legislature in 1989 to impose a strict jurisdictional time limit. *Cf.* Utah Code Ann. § 77–13–6(2)(b) (1995) (amended 2003) ("A request to withdraw a plea of guilty or no contest is made by motion and shall be made within 30 days after the entry of the plea."); *see also Abeyta*, 852 P.2d at 995. While courts may still "liberally grant" presentence motions to withdraw a guilty plea, they may now do so only if they have jurisdiction. Under the 1989 version of section 77–13–6(2)(b), the district court had none.

## II. THE 2003 VERSION OF UTAH CODE SECTION 77–13–6(2)(B)

¶ 13 We now consider Grimmett's arguments within the context of the 2003 version of section 77–13–6(2)(b). In doing so, we find that the *Johnson* resentencing remedy is limited in nature and purpose and does not allow Grimmett "another opportunity to present postconviction motions." *State v. Gordon*, 913 P.2d 350, 356 (Utah 1996).

### A. Background

¶ 14 Two months after Grimmett's original March 2003 sentencing, the legislature amended section 77–13–6(2)(b) to remove the thirty-day limit and instead require that criminal defendants file withdrawal motions before sentencing. As amended, the statute reads: "A request to withdraw a plea of guilty or no contest, except for a plea held in abeyance, *shall be made by motion before sentence is announced.* Sentence may not be announced unless the motion is denied." Utah Code Ann. § 77–13–6(2)(b) (2003) (emphasis added).

¶ 15 The legislature apparently enacted this amendment in response to our decision in *State v. Ostler*, 2001 UT 68, 31 P.3d 528. In *Ostler*, we interpreted the phrase "30 days after the entry of the plea" to refer to the date of entry of final judgment, not to the date of the plea colloquy. *Id.* ¶ 11. We reasoned that substantial unfairness might result from a plain-language reading of the 1989 statute: "[T]o start the time for moving to withdraw a plea from the time the district court accepted a plea could 'deprive the district court of the power to review a plea before it enters a judgment of conviction and sentence,' an outcome we found to be unreasonably unfair." *Merrill*, 2005 UT 34, ¶ 16, 114 P.3d 585 (quoting *Ostler*, 2001 UT 68, ¶ 10, 31 P.3d 528).

¶ 16 The 2003 amendment to section 77–13–6(2)(b) both embraced and repudiated *Ostler*. It embraced *Ostler's* recognition that it would be unfair to prevent criminal defendants from moving to withdraw a guilty plea

at any time before their sentencing. *Cf.* Utah Code Ann. § 77–13–6(2)(b) (2003). It repudiated *Ostler*, however, by setting sentencing as the deadline for filing such motions. Under *Ostler*, a criminal defendant had thirty days from "the date of final disposition of the case" to file a motion to withdraw. 2001 UT 68, ¶ 11, 31 P.3d 528. The 2003 amendment eliminates this possibility and instead mandates that any motion to withdraw a plea be filed before sentence is announced.

### B. The Limited Nature and Purpose of the Nunc Pro Tunc Resentencing Remedy

¶ 17 In Grimmett's view, the district court's January 2005 order that he be resentenced nunc pro tunc reopened the section 77–13–6(2)(b) time frame and permitted him to file a motion to withdraw at any time before the actual resentencing. In other words, Grimmett reads the term "sentence" in the 2003 statute as including a "resentence." He thus reads the 2003 statute as meaning that "[a] request to withdraw a plea of guilty or no contest, except for a plea held in abeyance, shall be made by motion before sentence [or resentence] is announced." We reject this interpretation.

¶ 18 In *State v. Johnson*, 635 P.2d 36, 38 (Utah 1981), we instructed district courts to resentence criminal defendants nunc pro tunc when those defendants were prevented from bringing timely appeals through no fault of their own. Under *Johnson*, nunc pro tunc resentencing restarted the appeal clock and provided defendants with an opportunity to bring direct appeals of their convictions. *Id.* The *Johnson* nunc pro tunc resentencing regime stood until our decision in *Manning v. State*, 2005 UT 61, 122 P.3d 628, which was decided about two weeks before Grimmett filed his initial brief in this case.

¶ 19 In *Manning*, we discarded nunc pro tunc resentencing in light of the 1996 enactment of the PCRA, Utah Code Ann. §§ 78–35a–101 to –110 (2002 & Supp.2006), and corresponding revisions to rules 65B and 65C of the Utah Rules of Civil Procedure. We concluded that "resentencing [was] no longer a preferred remedy," in part because "resen-

tencing tends to create more problems than it resolves." *Manning*, 2005 UT 61, ¶ 28, 122 P.3d 628 (internal quotation marks omitted). Indeed, Grimmett's case nicely illustrates the problematic nature of the *Johnson* remedy.

¶ 20 Our opinion in *Manning* made clear that "the *Johnson* remedy was ultimately designed to restore a denied right to appeal." *Id.* Our decisions in both *Manning* and *Johnson* were fashioned to address a single, key constitutional concern: "[W]e must provide a readily accessible and procedurally simple method by which persons improperly denied their right to appeal can promptly exercise this right." *Id.* 26; *accord Johnson*, 635 P.2d at 38 ("[If a] defendant was denied a constitutional right [to a timely appeal, he] must be provided an opportunity to take a direct appeal from his conviction."). *Johnson* and its progeny thus established the limited scope and purpose of the nunc pro tunc resentencing remedy.

¶ 21 Our decision in *State v. Gordon*, 913 P.2d 350 (Utah 1996), affirms the limited scope of the *Johnson* remedy. In *Gordon*, a criminal defendant who had been resentenced nunc pro tunc moved for a new trial on the grounds of ineffective assistance of counsel and newly discovered evidence. *Id.* at 353. This court explained that the motion for a new trial was untimely:

> *The only effect* of the [resentencing] order was to provide [the defendant] with another opportunity to pursue the direct appeal that he was previously denied. In other words, [the defendant's] resentencing merely returned him to the position he was in before his appeal was dismissed. *It did not allow him another opportunity to present postconviction motions.*

*Id.* at 356 (emphasis added).

¶ 22 *Gordon* relied in part on our decision in *State v. Hallett*, 856 P.2d 1060, 1062 (Utah 1993), in which we explained that "[o]nce a trial court on habeas review determines that a defendant has been denied the constitutional right to appeal, a direct appeal should be provided immediately, *without adjudication of any other claims*, such as ineffective assistance of counsel" (emphasis added) (footnote omitted). Thus, *Gordon* and *Hallett* both

illustrate that nunc pro tunc resentencing is a limited remedy designed to reinstate the crucial constitutional right to appeal. In both cases, we expressly rejected the view that the reinstatement of the right to appeal opened the door for the consideration of post-conviction motions.

¶ 23 The 2003 amendment to section 77–13–6(2)(b) did not undercut our reasoning in *Gordon.* Under the 1989 statute, a defendant was required to move to withdraw his plea "within 30 days after the entry of the [final judgment]." *See* Utah Code Ann. § 77–13–6(2)(b) (1995) (amended 2003); *see also Ostler,* 2001 UT 68, ¶ 11, 31 P.3d 528. This time frame was changed by the 2003 statute, which required that the motion be filed "before sentence is announced." Utah Code Ann. § 77–13–6(2)(b) (2003). Though this change is not insignificant, it does not render *Gordon* inapplicable. Our holding in *Gordon* did not hinge on the thirty-day deadline imposed by the 1989 statute; it was based instead on the limited scope and purpose of the nunc pro tunc resentencing remedy. We fail to see how modification of the statutory deadline bears on either the nature or the scope of the nunc pro tunc resentencing remedy.

¶ 24 We therefore conclude that the district court's January 2005 resentencing order did not reopen the filing window established by section 77–13–6(2)(b). We expressly hold that the *Johnson* nunc pro tunc resentencing remedy, which is no longer available to criminal defendants, *Manning,* 2005 UT 61, ¶ 11, 122 P.3d 628, does not permit a criminal defendant to file a motion to withdraw a guilty plea after the jurisdictional deadline established by section 77–13–6(2)(b).

¶ 25 Because Grimmett's motion to withdraw was untimely under both versions of section 77–13–6(2)(b), we have no jurisdiction to consider his challenge to the validity of his guilty pleas. *See State v. Reyes,* 2002 UT 13, ¶ 3, 40 P.3d 630 ("[B]ecause [the defendant] did not move to withdraw his guilty plea

within thirty days after the entry of the plea, we lack jurisdiction to address [his challenge to his guilty plea] on appeal.").

¶ 26 Our decision today does not leave Grimmett without a remedy, however. Section 77–13–6(2)(c) (2003) expressly states that an untimely challenge to a guilty plea "shall be pursued under" the PCRA and rule 65C of the Utah Rules of Civil Procedure.[1] We further note that should Grimmett avail himself of this remedy, he may be "appoint[ed] counsel on a pro bono basis," Utah Code Ann. § 78–35a–109(1) (2002). *But see Hutchings v. State,* 2003 UT 52, ¶ 20, 84 P.3d 1150 (stating that defendants have "no statutory or constitutional right to counsel in a civil petition for post-conviction relief"). Given the circumstances that have led him to this point and the fact that the merits of his argument have not yet been addressed, Grimmett appears to be a prime candidate to benefit from the district court's discretion to appoint counsel.

## CONCLUSION

¶ 27 We affirm the district court's denial of Grimmett's motion to withdraw his guilty pleas and hold that the *Johnson* nunc pro tunc resentencing remedy does not permit him a second bite at the apple under Utah Code section 77–13–6(2)(b). Because Grimmett did not file a timely motion to withdraw his guilty pleas, we have no jurisdiction to consider his attack on their validity. Affirmed.

¶ 28 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice NEHRING concur in Justice PARRISH's opinion.

---

1. Grimmett has already petitioned for post-conviction relief once, in June 2004. The State responded to that petition by "erroneously indicat[ing] . . . that a challenge to defendant's guilty pleas could be made on direct appeal through a 23B remand hearing." The State has indicated in its brief that because of its error, it will "not move to dismiss a petition challenging the validity of [Grimmett's] pleas as successive."