2009 UT App 121

**STATE of Utah, Plaintiff and Appellee,**

v.

**Wolfgango RUIZ, Defendant and Appellant.**

**No. 20071003–CA.**

Court of Appeals of Utah.

May 7, 2009.

Hakeem Ishola, West Valley City, for Appellant.

Mark L. Shurtleff and Laura B. Dupaix, Salt Lake City, for Appellee.

Before Judges GREENWOOD, THORNE, and ORME.

## AMENDED OPINION [1]

ORME, Judge:

¶ 1 Wolfgango Ruiz timely sought to withdraw his guilty plea. His motion was granted. On reconsideration by a different judge, that disposition was rescinded and the motion was denied. We reverse that denial.

---

**1.** This Amended Opinion replaces our Opinion issued on December 26, 2008, *see State v. Ruiz,* 2008 UT App 470, 620 Utah Adv. Rep. 41. We address the State's arguments raised in its petition for rehearing, *see infra* ¶¶ 16–23, and decline to delete the language to which the State takes exception for the reasons outlined in the final section of this opinion. *See* Utah R.App. P. 35(c) ("If a petition for rehearing is granted, the court may make a final disposition of the cause without reargument, or may restore it to the calendar for reargument or resubmission, or may make such other orders as are deemed appropriate under the circumstances of the particular case."). Aside from this explanatory footnote, our opinion resolving this appeal remains exactly the same except for the addition of the section entitled "On Petition for Rehearing."

## BACKGROUND

¶2 Ruiz is an illegal alien. He was charged with sexual abuse of a child, a second degree felony. Ruiz retained counsel to represent him, and he pled guilty to a reduced count of attempted sexual abuse of a child, a third degree felony. The written plea agreement executed by Ruiz indicated that the potential sentence was a term of zero-to-five years in prison.

¶3 Two months after pleading guilty, Ruiz retained his current counsel. His new attorney filed a motion to withdraw Ruiz's guilty plea, alleging that former counsel's ineffectiveness rendered the plea involuntary. Ruiz alleged in an affidavit that his former counsel misled him into believing that the original second degree felony he was facing required a minimum mandatory sentence of five years and that he only entered a guilty plea to the third degree felony because his counsel told him he might get no jail time. Further, Ruiz alleged that his former counsel dissuaded him from seeking the advice of an immigration attorney before he pled guilty and told him that he would not be deported. The affidavit additionally claimed that upon later seeking the advice of an immigration attorney, that attorney told him he would most certainly be deported as a consequence of his plea. Ruiz asserts that had his former counsel correctly advised him of the immigration consequences of the guilty plea, he would not have pled guilty.

¶4 Judge Fuchs ruled that Ruiz's former counsel misadvised him of the immigration consequences of his guilty plea and that this was a legitimate basis for withdrawing his guilty plea. At the hearing on the motion, the State requested additional time to present testimony from Ruiz's former counsel. Judge Fuchs denied this request, specifically stating that "everybody's been given an opportunity to respond to this and we're stuck with the evidence as it exists and the affidavits or the memorandums as they exist." [2]

¶5 Notwithstanding Judge Fuchs's ruling, the State filed a motion to reconsider in which it claimed that the prosecutor had spoken to Ruiz's former counsel, who denied misrepresenting the immigration consequences of the guilty plea and, predictably, denied being ineffective. The State argued that Ruiz had "misrepresented the facts by failing to produce testimony from [former counsel] at the motion [to withdraw] hearing, even though [Ruiz] was aware that [former counsel] denied making the statements at issue." [3] The State attached to its motion an affidavit from Ruiz's former counsel, as well as a letter that former counsel had sent to Ruiz's current counsel months earlier, which affidavit and letter generally denied any wrongdoing.

¶6 Ruiz opposed the motion, arguing that the State had been given several opportunities to present evidence to counter Ruiz's affidavit but failed to do so. Judge Fuchs set a hearing on the motion to reconsider but retired before the hearing was held. Judge Skanchy was then assigned to the case.

¶7 Judge Skanchy heard the motion to reconsider over Ruiz's objection that the matter had already been litigated numerous times and decided by Judge Fuchs and that the State had had ample opportunity to present its evidence in a timely fashion but failed to do so. Judge Skanchy decided to hear Ruiz's former counsel's testimony.

¶8 Judge Skanchy then heard Ruiz's former counsel's testimony. Counsel claimed that he and Ruiz discussed the immigration consequences of the plea some thirty to fifty times, that they discussed "immigration from day one," and that he consistently told Ruiz "he would almost certainly be deported" if he pled guilty.[4] Based on this testimony, Judge Skanchy granted the motion to reconsider, rescinded Judge Fuchs's order granting the

---

2. We note that on the date the hearing was first scheduled, the hearing was continued because the State was not ready to proceed.

3. The State's argument that Ruiz was obligated to put on evidence supporting the State's position as well as evidence supporting his position was not supported with citation to any authority.

4. The anomalous nature of a lawyer telling a client the same thing as many as fifty times, in a span of five months or so, was noted at oral argument before this court.

motion to withdraw the guilty plea, and denied Ruiz's motion to withdraw his guilty plea.

¶ 9 Ruiz thereafter filed a motion to arrest judgment on the basis that the prosecutor in this case had been arrested at the Salt Lake City Airport for possession of cocaine, asserting that the prosecutor's handling of the instant case was somehow linked to his cocaine use. Ruiz also claimed that, under the "law of the case" doctrine, Judge Skanchy lacked jurisdiction to overrule Judge Fuchs's decision allowing withdrawal of Ruiz's guilty plea. Judge Skanchy denied the motion to arrest judgment. Ruiz was then sentenced to a zero-to-five-year prison term, which was suspended in favor of 365 days in jail and thirty-six months of probation. He now appeals.

## ANALYSIS

¶ 10 We are not convinced that the law of the case doctrine precluded Judge Skanchy from overruling Judge Fuchs's decision. The law of the case doctrine is essentially a matter of judicial economy rather than jurisdiction. *See Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 969 (Utah Ct.App. 1989), *cert. denied*, 109 Utah Adv. Rep. 39 (1993). The rationale underlying the doctrine "is that in the interest of economy of time and efficiency of procedure, it is desirable to avoid the delays and the difficulties involved in repetitious contentions and rulings upon the same proposition in the same case." *Id.* (citation and internal quotation marks omitted). Moreover, a judge can change his or her mind any time up until the entry of final judgment, which is true even if the judge has taken over the case from another judge, *see Trembly v. Mrs. Fields Cookies*, 884 P.2d 1306, 1310–11 (Utah Ct. App.1994), as "a trial court is not inexorably bound by its own precedents." *Salt Lake City Corp. v. James Constructors, Inc.*, 761 P.2d 42, 45 (Utah Ct.App.1988) (citation and internal quotation marks omitted). *See Trembly*, 884 P.2d at 1311. The doctrine "d[oes] not prevent a different judge from revisiting an interim order issued in a case by a prior judge," *Interlake Distribs., Inc. v. Old Mill Towne*, 954 P.2d 1295, 1299 (Utah

Ct.App.1998), because, as correctly pointed out by the State, "'the two judges, while different persons, constitute a single judicial office for law of the case purposes.'" *Trembly*, 884 P.2d at 1311 n. 4 (quoting *Gillmor v. Wright*, 850 P.2d 431, 439–40 (Utah 1993) (Orme, J., concurring)). Thus, Judge Skanchy had the jurisdiction to entertain the State's motion to reconsider. Whether he ruled properly in granting it is another matter.

¶ 11 Because "[t]he entry of a guilty plea involves the waiver of several important constitutional rights" and "because the prosecution will generally be unable to show that it will suffer any significant prejudice if the plea is withdrawn, a presentence motion to withdraw a guilty plea should, in general, be liberally granted." *State v. Gallegos*, 738 P.2d 1040, 1041–42 (Utah 1987). *See Grimmett v. State*, 2007 UT 11, ¶ 10, 152 P.3d 306. It is true that Ruiz had the burden to establish that there were grounds to withdraw his plea. *See State v. Thurston*, 781 P.2d 1296, 1301 (Utah Ct.App.1989) (stating that the party "who would set a plea aside has the burden of proving that there is a legal ground for doing so"). But that burden is relatively low in a presentence setting. *Cf. Gallegos*, 738 P.2d at 1042 (suggesting that the decision for granting leave to withdraw a plea should turn on whether there is "a fair and just reason for granting leave to withdraw the plea"). Ruiz met his burden by setting forth in his affidavit that he was not informed of the immigration consequences of his plea.

¶ 12 Therefore, the narrow question before us is whether Judge Skanchy erred in hearing the State's motion to reconsider and then allowing the State to put on new evidence after Judge Fuchs had already ruled that Ruiz could withdraw his plea and that no more evidence could be presented. A trial court's decision to address the merits of a motion to reconsider is reviewed for an abuse of discretion, *see Tschaggeny v. Milbank Ins. Co.*, 2007 UT 37, ¶¶ 15–16, 163 P.3d 615, as is its decision to deny a motion to withdraw a guilty plea, *see State v. Martinez*, 2001 UT 12, ¶ 14, 26 P.3d 203.

¶ 13 "While trial judges generally are not required to give reasons for discretionary rulings, some explanation, however brief, greatly assists in appellate review, and may prevent unnecessary reversal where facts are close and support for a ruling is not patent from the record." *City of Phoenix v. Geyler*, 144 Ariz. 323, 697 P.2d 1073, 1079 n. 3 (1985). For instance, in cases involving attorney fees awards, "[w]e have consistently encouraged trial courts to make findings to explain the factors which they considered relevant." *Bell v. Bell*, 810 P.2d 489, 494 (Utah Ct.App. 1991) (citation and internal quotation marks omitted) (alteration in original). "To permit meaningful [appellate] review of [a] trial court's discretionary ruling," *id.*, a trial judge's explanation is helpful in evaluating whether discretion has been abused or soundly exercised because it is hard to tell just from an unexplained act whether a judge has acted arbitrarily or properly, *see Geyler*, 697 P.2d at 1079 n. 3.

¶ 14 When a second judge announces a reversal of a prior judge's order, it is doubly important for the second judge to articulate a reason for the change. This is all the more true in the instant context, given the many directives that presentence motions to withdraw guilty pleas should be liberally granted. In this case, Judge Skanchy did not articulate why he was allowing the State to present new evidence, after the State had been given multiple opportunities to present such evidence and after Judge Fuchs had rebuffed the State's request for yet a further opportunity to do so. When Judge Fuchs had specifically ruled that "everybody's been given an opportunity to respond to this and we're stuck with the evidence as it exists and the affidavits or the memorandums as they exist," it was especially incumbent on Judge Skanchy to explain why a change was in order and why new evidence could be belatedly put on by the State. Absent such explanation on the record, we have no assurance that the change was not merely a function of personal preference on Judge Skanchy's part.

## CONCLUSION

¶ 15 The order denying Ruiz's motion to withdraw his guilty plea is vacated, and the prior order granting leave to withdraw the guilty plea stands. The case is remanded to the district court for trial or such other proceedings as may now be in order.[5]

## ON PETITION FOR REHEARING

¶ 16 In its petition for rehearing, the State asks us to "delete from [this] opinion unnecessary language that pre-sentence motions to withdraw guilty pleas 'should, in general, be liberally granted.'"[6] *See supra* ¶¶ 11, 14. According to the State, the current version of Utah Code section 77–13–6 (the current statute), *see* Utah Code Ann. § 77–13–6 (2008), has made the notion that such motions should be liberally granted "obsolete," for two reasons. First, the State claims that all prior direction that trial courts should liberally grant presentence motions to withdraw guilty pleas was based on a prior version of section 77–13–6 (the 1980 statute) that allowed both presentence and post-sentence motions to withdraw guilty pleas. *See generally id.* § 77–13–6 (1980 Special Supp.) (containing no time restrictions on when a defendant could file a motion to withdraw a guilty plea). The State theorizes that the underlying reason for allowing such liberality was based on the relatively minor prejudice the prosecution would suffer from the grant of a presentence motion as compared to the more substantial prejudice it would suffer from the grant of a post-sentence motion. *See State v. Gallegos*, 738 P.2d 1040, 1041–42 (Utah 1987). As no post-sentence motions are allowed under the current statute, *see* Utah Code Ann. § 77–13–6(2)(b) (2008) ("A request to withdraw a plea of guilty or no contest, except for a plea held in abeyance, *shall* be made by

---

5. Given our disposition, we need not consider the other issues raised by Ruiz.

6. The State acknowledges that, at oral argument, in response to a question asking if the law had changed with regard to whether presentence motions should be liberally granted, the State indicated that the law had not changed. Counsel did not point out until its petition for rehearing that the Legislature had amended section 77–13–6 in a way that arguably affects the ability of judges to liberally grant presentence motions to withdraw.

motion *before* sentence is announced.") (emphasis added), the State contends that such liberality has necessarily fallen by the wayside.

¶ 17 Second, the State argues that because prior versions of section 77–13–6 required a defendant to prove "good cause" for withdrawal of the plea, *see id.* § 77–13–6 (1980 Special Supp.) ("A plea of guilty or no contest may be withdrawn only upon good cause shown and with leave of court."); *id.* § 77–13–6(2)(a) (1989 Cum.Supp.) (same), rather than specifically requiring proof that the guilty plea "was not knowingly and voluntarily made," *id.* § 77–13–6(2)(a) (2008) ("A plea of guilty or no contest may be withdrawn only upon leave of the court and a showing that it was not knowingly and voluntarily made."), the trial court's discretion in granting the motion to set aside a guilty plea was broader then than it is now. Expressing concern that "future trial judges and litigants may labor under the misapprehension that motions to withdraw guilty pleas should be liberally granted merely because they have been filed presentence, irrespective of whether the defendant has made the required statutory showing that his plea was not knowing or voluntary," the State asks us to delete the language regarding such liberality from this decision. For the reasons explained below, we decline to delete the language.

¶ 18 Respecting the State's first argument, even though post-sentence motions are no longer allowed, the fact remains that a motion to withdraw a guilty plea, if proper under the current statute, is a presentence motion, *see id.* § 77–6–13(2)(b) (2008), and the State, generally, will suffer minimal prejudice if the court grants it, *see Gallegos,* 738 P.2d at 1042. Further, the Utah Supreme Court's discussion in *Grimmett v. State,* 2007 UT 11, 152 P.3d 306, indicates that the discretion to liberally grant presentence motions to withdraw survived a prior amend-

ment to section 77–13–6 (the 1989 statute), *see id.* ¶ 12, which amendment required a defendant to file a motion to withdraw within thirty days of entry of a guilty plea, *see* Withdrawal of Guilty Plea Amendments, ch. 65, § 1, 1989 Utah Laws 163, 163 (amending section 77–13–6); Utah Code Ann. § 77–13–6(2)(b) (1989 Cum.Supp.) ("A request to withdraw a plea of guilty or no contest is made by motion, and shall be made within 30 days after the entry of the plea.").

¶ 19 In *Grimmett,* while evaluating the defendant's claim under the 1989 statute, our Supreme Court distinguished the *Gallegos* opinion because it had been rendered based on the 1980 statute that included no jurisdictional time limits for filing a motion to withdraw a guilty plea. *See Grimmett,* 2007 UT 11, ¶¶ 10–11, 152 P.3d 306. And in response to Grimmett's argument, the Supreme Court determined that the "liberally grant" language used in *Gallegos,* a case in which the defendant had filed his motion to set aside guilty plea prior to sentencing, did not excuse Grimmett's untimely motion to withdraw his plea, which he had filed nearly two years after his conviction. *See id.* Because the 1989 statute "impose[d] a strict jurisdictional time limit" of thirty days following entry of the guilty plea, *id.* ¶ 12; *see* Utah Code Ann. § 77–13–6 (1989 Cum.Supp.), the trial court had no jurisdiction to consider Grimmett's motion under the 1989 statute. *See Grimmett,* 2007 UT 11, ¶¶ 10–12, 152 P.3d 306. The Supreme Court stated, however, that "[w]hile courts may still 'liberally grant' presentence motions to withdraw a guilty plea, they may now do so only if they have jurisdiction." *Id.* ¶ 12. In making this statement, the Supreme Court does not appear to have contemplated that such liberality *only* existed insofar as presentence motions could be meaningfully contrasted to post-sentence motions.[7] *See id.* ¶¶ 10–12.

---

7. The State characterizes *Grimmett* as a case interpreting a version of section 77–13–6 that allowed post-sentence motions to withdraw, based on *State v. Ostler,* 2001 UT 68, 31 P.3d 528, *superseded by statute as discussed in Grimmett v. State,* 2007 UT 11, ¶¶ 15–16, 152 P.3d 306. *Ostler* held that the thirty-day time constraint in the 1989 statute was ambiguous because the time period could be interpreted as

starting after the plea colloquy or after the conviction was entered, which typically corresponds to the time of sentencing. *See* 2001 UT 68, ¶ 8, 31 P.3d 528. The *Ostler* court interpreted that time restriction as starting to "run[ ] from the date of final disposition." *Id.* ¶ 11. The *Ostler* holding, however, was superseded by the 2003 amendment to section 77–13–6. *See Grimmett,* 2007 UT 11, ¶¶ 15–16, 152 P.3d 306. The cur-

¶ 20 Under our case law, then and now, we do not think that trial courts are charged to liberally grant presentence motions to withdraw only as compared to post-sentence motions. Rather, the case law suggests that presentence motions should be liberally granted on their own terms because—in addition to the important constitutional rights at stake—prejudice to the State will not ordinarily arise in the short time between entry of the plea and the scheduled sentencing; delay will be minimal; and, most importantly, the motion will not be prompted by "buyer's remorse" upon learning that one's sentence is more severe than anticipated—a motive that has long been disapproved, and appropriately so. The State's first argument, then, is not persuasive.

¶ 21 We also disagree with the State's contention that the current statute's specific requirement that a defendant prove his plea was not knowingly or voluntarily entered, rather than just that "good cause" exists, limits the discretion the trial court previously had to grant such motions. As pointed out by Ruiz in his reply to the State's petition for rehearing, proving that a guilty plea was not knowingly and voluntarily entered has long been part of a defendant's burden when seeking to withdraw a guilty plea; it was the penultimate "good cause" required under the former statute. *See, e.g., State v. Munson*, 972 P.2d 418, 422 (Utah 1998) ("Generally, a motion to withdraw a guilty plea will be granted only for good cause, i.e., when the defendant can show that the plea was not entered knowingly and voluntarily."); *State v. Gallegos*, 738 P.2d 1040, 1041 (Utah 1987) ("'A plea of guilty ... may be withdrawn only upon good cause shown and with leave of court.' The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea which was unknowingly, unintelligently, or involuntarily made.") (omission in original) (footnote omitted); *State v. Forsyth*, 560 P.2d 337, 338–39 (Utah 1977) ("We are in full agreement with the proposition that for a plea of guilty to be valid it must appear that the accused had a clear understanding of the charge and without undue influence, coercion, or improper inducement voluntarily entered such plea."); *State v. Smit*, 2004 UT App 222, ¶ 18, 95 P.3d 1203 ("Good cause is shown when the [d]efendant does not knowingly and voluntarily enter the plea agreement."). The Legislature thus appears to have essentially codified prior case law by incorporating the "knowing and voluntary" lynchpin into the statute, and a defendant's burden on a motion to withdraw a guilty plea has not, therefore, fundamentally changed.

¶ 22 Furthermore, when referring to the notion that trial courts should liberally grant presentence motions to withdraw guilty pleas, this court in *State v. Thorup*, 841 P.2d 746 (Utah Ct.App.1992), *cert. denied*, 853 P.2d 897 (Utah 1993), stated: "This liberal-approach language, ... is directed to the trial court's exercise of discretion. The language in no way alters the statutory requirement of good cause for the withdrawal of a

rent statute requires that a defendant file his motion *before sentencing*, not thirty days after final disposition. *See* Utah Code Ann. § 77–13–6(2)(b) (2008). When the *Grimmett* court made its statement that trial courts could still liberally grant presentence motions as long as they had jurisdiction to do so, even though it discussed the time limit distinctions between the different versions of section 77–13–6, it did not tie the liberality courts had to grant presentence motions to the notion that post-sentence motions were also allowed under the 1989 statute, based on the court's interpretation of *Ostler*. *See Grimmett*, 2007 UT 11, ¶¶ 10–12, 15–16, 152 P.3d 306. Importantly, the Supreme Court made this statement while analyzing the issue presented in *Grimmett* under the 1989 statute, after the *Ostler* opinion had been superseded by the 2003 amendments. *See id.* ¶¶ 15–16; Utah Code of Criminal Procedure Amendments, ch. 290, § 1,

2003 Utah Laws 1321, 1321. Accordingly, we think the statement in *Grimmett* is very relevant to the issue as addressed under the current statute, regardless of *Ostler*. We further note that even under *Ostler*, the prejudice the prosecution would suffer from a motion to withdraw filed within thirty days of a defendant's conviction would still be much less than the prejudice the prosecution would experience if a motion to withdraw was filed years after conviction and after the evidence was marginalized, as had previously been possible. *See* 2001 UT 68, ¶ 9, 31 P.3d 528 (quoting floor debates on the 1989 amendment to section 77–13–6, which discussed how, in the past, defendants had filed motions to withdraw "four and five years after a person ha[d] entered a guilty plea when there's no way to come back and retry the case after the evidence is gone") (citation and internal quotation marks omitted).

guilty plea nor our abuse-of-discretion standard of review." *Id.* at 747. Likewise, the liberality a trial court should exercise when reviewing or granting a motion to withdraw a guilty plea would not undercut the newly articulated statutory requirement, the essence of which has long been reflected in our case law. Accordingly, we are not persuaded by the State's second argument.

¶ 23 For the foregoing reasons, we decline to delete the language in our opinion indicating that presentence motions to withdraw guilty pleas should be liberally granted because we do not think this precept is in any way at odds with the current statute. The State's petition for rehearing is granted for the limited purpose of considering its arguments and addressing them in this Amended Opinion. The petition for rehearing is otherwise denied.

¶ 24 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge and WILLIAM A. THORNE JR., Associate Presiding Judge.