2011 UT App 195

**STATE of Utah, Plaintiff and Appellee,**

v.

**Shawn Lee ALLRED, Defendant and Appellant.**

**No. 20110268–CA.**

Court of Appeals of Utah.

June 16, 2011.

Shawn Lee Allred, Waymart, Pennsylvania, Appellant Pro Se.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

## DECISION

PER CURIAM:

¶1 Shawn Lee Allred asserts that the district court erred by denying his motion to reinstate the period for filing a direct appeal. This matter is before the court on a sua sponte motion for summary disposition. We affirm the district court on other grounds.

¶2 Rule 4(f) of the Utah Rules of Appellate Procedure governs motions to reinstate the period for filing a direct appeal. *See* Utah R.App. P. 4(f). Rule 4(f) provides that the district court retains jurisdiction to consider motions to reinstate the thirty-day period for filing a direct appeal. *See id.* Under rule 4(f), as a prerequisite to granting a motion to reinstate the period for filing a direct appeal, a defendant must first demonstrate that he or she was deprived of the right to appeal. *See id.*

¶3 The district court erred by denying the motion to reinstate the period for filing a direct appeal on the basis that it lacked jurisdiction to consider the motion. *See id.* However, it is apparent from the record that the order denying the motion to reinstate the period for filing a direct appeal should be affirmed on other grounds.

> It is well settled that an appellate court may affirm the judgment appealed from 'if it is sustainable on any legal ground or theory apparent on the record, even though such ground or theory differs from that stated by the trial court to be the basis of its ruling or action, and this is true even though such ground or theory is not urged or argued on appeal by appellee, was not raised in the lower court, and was not considered or passed on by the lower court.'

*Bailey v. Bayles,* 2002 UT 58, ¶10, 52 P.3d 1158.

¶4 In Allred's motion to reinstate the period for filing a direct appeal, Allred indicates that he seeks to appeal his underlying convictions that were used to enhance his federal sentence. Specifically, Allred asserts that instead of being charged with felony burglary and possession of a dangerous weapon, he should have been charged with the lesser offense of criminal trespass. However, the record indicates that prior to sentencing, Allred failed to move to withdraw his guilty pleas, or in one instance, withdrew the motion to withdraw his guilty plea.

 

¶ 5 In order to challenge the validity of a guilty plea, a defendant must file a motion to withdraw his plea before the sentence is announced. *See* Utah Code Ann. § 77–13–6(2)(b) (2008).[1] Absent a timely motion to withdraw a guilty plea, this court does not have jurisdiction over a direct appeal to review the validity of the plea. *See State v. Merrill,* 2005 UT 34, ¶¶ 13–20, 114 P.3d 585. This jurisdictional bar extends to claims concerning the effectiveness of counsel. *See State v. Rhinehart,* 2007 UT 61, ¶ 14, 167 P.3d 1046. Furthermore, "by pleading guilty, the defendant is deemed to have admitted all of the essential elements of the crime charged and thereby waives all non-jurisdictional defects, including alleged pre-plea constitutional violations." *State v. Parsons,* 781 P.2d 1275, 1278 (Utah 1989). A defendant who fails to timely withdraw a guilty plea may pursue a challenge to the validity of the plea under the Post–Conviction Remedies Act. *See* Utah Code Ann. § 77–13–6(2)(c).

¶ 6 It is apparent from the record that the motion to reinstate the period for filing a direct appeal should have been denied on other grounds. First, rule 4(f) requires that a defendant must demonstrate that he or she was deprived of the right to appeal. *See* Utah R.App. P. 4(f). On its face, Allred's motion to reinstate the period for filing a direct appeal fails to assert that he was deprived of the right to appeal.

¶ 7 As an additional ground for affirming the district court's denial of Allred's motion to reinstate the period to appeal, even if Allred had asserted that he was deprived of the right to appeal in his motion, by pleading guilty, Allred admitted all of the essential elements of the charged crimes, and waived his right to appeal all non-jurisdictional defects. *See Parsons,* 781 P.2d at 1275. Thus, because Allred did not allege, nor could he demonstrate, that he was deprived of the right to appeal as required by rule 4(f), the district court's order denying his motion to reinstate the period for filing a direct appeal is affirmed on other grounds.

¶ 8 Affirmed.

---

1. At the time that Allred entered his pleas, Utah Code section 77–13–6(2)(b) required a defendant to file a motion to withdraw a guilty plea within thirty days after entry of the plea. *See State v. Ostler,* 2001 UT 68, ¶ 2, 31 P.3d 528.