IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20090195-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (August 30, 2012) |
| Shawn Michael Smith, | ) | |
| | ) | 2012 UT App 247 |
| Defendant and Appellant. | ) | |

-----

Fifth District, Cedar City Department, 971500995
The Honorable G. Michael Westfall

Attorneys:     Matthew D. Carling, Cedar City, for Appellant
               Mark L. Shurtleff and Ryan D. Tenney, Salt Lake City, for Appellee

-----

Before Judges Orme, Davis, and Roth.

ORME, Judge:

¶1     Defendant appeals the denial of his motion to withdraw a guilty plea, which was entered nearly fifteen years ago. The district court determined the motion to be untimely. We affirm.

¶2     In 1997 Defendant, having escaped from a detention facility for juvenile delinquents, broke into the home of an elderly couple. After abusing the eighty-five-year-old husband, Defendant and his accomplice bound the couple with duct tape and chains. The two ransacked the home and stole the couple's car and many of their belongings.

¶3     As a result, Defendant was charged with two counts of aggravated robbery and one count of aggravated burglary. He pled guilty to one count of aggravated robbery in

exchange for the State dropping the remaining charges. Almost immediately after entering his plea, Defendant sent a letter to the court seeking to withdraw the plea and to secure a new attorney, explaining that he "disagree[d] with the plea." Defendant's motion to withdraw was denied, and the court proceeded with sentencing.

¶4     Because Defendant already had a substantial criminal record, the court rejected defense counsel's pleas for probation and sentenced Defendant to five years to life in prison. Defendant appealed his conviction and sentence, which we affirmed in *State v. Smith*, 1999 UT App 332U (per curiam), *cert. denied*, 9 P.3d 170 (Utah 2000).

¶5     The following year, Defendant filed a motion for resentencing under rule 22(e) of the Utah Rules of Criminal Procedure. Defendant alleged that his sentence was illegal because the court sentenced him without investigating Defendant's request for new counsel, because his right to allocution was denied at sentencing, and because he was not given the opportunity to contest alleged inaccuracies in the presentence investigation report.

¶6     This motion sat dormant for seven years. With the arrival of a newly appointed judge, the court vacated Defendant's sentence, finding that the sentencing court erred by not providing Defendant with the opportunity to speak on his own behalf. Prior to resentencing, Defendant again filed a motion to withdraw his guilty plea, which the court denied on res judicata grounds because of the denial of his first motion to withdraw. The district court also noted that this court had decided Defendant's appeal of this same issue several years prior to Defendant's new motion and therefore determined that it lacked jurisdiction to reconsider Defendant's claims regarding his guilty plea. Defendant was then resentenced to five years to life in prison, which afforded him the opportunity for a further appeal—the appeal now before us.

¶7     Defendant argues that the district court erred in denying his most recent motion to withdraw his guilty plea. In determining whether a motion to withdraw a guilty plea is timely and whether the trial court has jurisdiction to rule on that motion, we give no deference to the trial court's rulings but review them for correctness, as questions of law. *See State v. Lovell*, 2005 UT 31, ¶ 13, 114 P.3d 575.

¶8     At the time Defendant was sentenced, a defendant had thirty days to file a motion to withdraw a guilty plea "after the entry of the plea." *See* Utah Code Ann. § 77-13-6(2)(b) (1995). If a motion to withdraw is untimely, we lack jurisdiction to consider its merits. *See Grimmett v. State*, 2007 UT 11, ¶¶ 8–9, 152 P.3d 306 (denying a motion

under section 77-13-6(2)(b) because the motion was filed nearly two years after the defendant pled guilty).

¶9     Defendant pled guilty to one count of aggravated robbery in 1997. Defendant asks us to review the denial of his motion to withdraw, which he filed ten years later. This is far beyond the statutory window for filing a motion to withdraw a guilty plea, and we agree with the district court's determination that it lacked jurisdiction to consider it.

¶10    Defendant apparently argues that when the district court resentenced him under rule 22(e) of the Utah Rules of Criminal Procedure, the thirty-day period for Defendant to withdraw his 1997 guilty plea somehow restarted. Rule 22(e) explains that a "court may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." Utah R. Crim. P. 22(e). However, the Utah Supreme Court has effectively narrowed the scope of rule 22(e), explaining that the rule "cannot be used as a veiled attempt to challenge the underlying conviction by challenging the sentence." *State v. Candedo*, 2010 UT 32, ¶ 9, 232 P.3d 1008. In other words, a successful motion under rule 22(e) may have the effect of undoing the sentence, but it will not vest the defendant with new opportunities to challenge his case in ways unrelated to sentencing. Thus, we will reject a claim purportedly brought via rule 22(e) that is, "in reality, a second appeal from [the original] conviction." *State v. Wareham*, 801 P.2d 918, 920 (Utah 1990).

¶11    The Utah Supreme Court rejected the same argument Defendant now makes in *Grimmett v. State*, 2007 UT 11, 152 P.3d 306, where a defendant contended that his successful rule 22(e) motion opened the door for him to file an otherwise untimely motion to withdraw his guilty plea. *See id.*, ¶¶ 7–9. The Supreme Court rejected this argument, holding that it had "no jurisdiction to consider his challenge to the validity of his guilty pleas." *Id.*, ¶ 25. Likewise, Defendant's successful rule 22(e) motion in this case does not provide Defendant the opportunity to move to withdraw his guilty plea many years after the thirty-day deadline expired. Accordingly, we reject Defendant's contention that the district court erred in denying his motion.[1]

---

[1]We also agree with the district court's conclusion that res judicata bars Defendant's second motion to withdraw his guilty plea. Defendant had, and availed himself of, the opportunity to file a motion to withdraw his guilty plea during the original thirty-day period after he pled guilty. His motion was denied by the trial court, and Defendant subsequently appealed that denial. We affirmed the trial court's decision, and the Utah Supreme Court did not see fit to disturb our ruling. *See State v.*

(continued...)

¶12    Defendant also argues that there were defects in the information used to charge him.  This claim was rejected by the district court.  "By entering a knowing and voluntary guilty plea, a defendant waives all non-jurisdictional challenges to a conviction."  *Medel v. State*, 2008 UT 32, ¶ 26, 184 P.3d 1226 (citation and internal quotation marks omitted). Defendant's claim is not jurisdictional, *see id.*, and so, contrary to Defendant's contention, it cannot be raised at this late date.

¶13    Affirmed.

_____
Gregory K. Orme, Judge

-----

¶14    WE CONCUR:

_____
James Z. Davis, Judge

_____
Stephen L. Roth, Judge

_____

[1](...continued)
*Smith*, 1999 UT App 332U (per curiam), *cert. denied*, 9 P.3d 170 (Utah 2000).  To again review the merits of Defendant's motion to withdraw would constitute another bite at the apple, in violation of the basic principles of res judicata.  *See Buckner v. Kennard*, 2004 UT 78, ¶ 12, 99 P.3d 842 ("In effect, once a party has had his or her day in court and lost, he or she does not get a second chance to prevail on the same issues.").