The STATE of Utah, Plaintiff and Respondent,

v.

Jonathon SOPER, Defendant and Appellant.

No. 14501.

Supreme Court of Utah.

Jan. 7, 1977.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for defendant and appellant.

Jack W. Kunkler of Salt Lake Legal Defenders Assn., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

On appeal is an order of the trial court denying a motion to set aside a guilty plea. The motion alleged a promise inducing the plea had not been kept. We affirm the order of the trial court.

Defendant was charged with the crime of assault with a deadly weapon; in Salt Lake County. Later, he was charged with carrying a concealed, dangerous weapon, a felony; in Box Elder County. On March 4, 1975, defendant pleaded guilty to the assault with the deadly weapon charge. This plea was the result of a bargain among defense counsel and the prosecutors of Salt Lake and Box Elder Counties. The agreement was that in return for his plea the charges in Box Elder County would be dismissed.

On March 4, 1975, defendant was sent to the state prison for a ninety day evaluation. Without the knowledge of defense counsel, the trial judge, or the prosecutor in Salt Lake, defendant was taken to Box Elder County. He was represented by different defense counsel, who entered into negotiations with a member of the Box Elder County prosecutor's staff, who had no knowledge of the agreement to dismiss the charge. In Box Elder County, a complaint was filed charging defendant with carrying a loaded firearm in a vehicle, a Class B misdemeanor. The Box Elder defense counsel and prosecutor agreed that in return for a plea of guilty to the misdemeanor charge the felony charge would be dismissed. On April 22, 1975, defendant pleaded guilty to the misdemeanor charge. The court sentenced him to serve 90 days

concurrent with the sentence he was presently serving in the state prison.

Defendant appeared in court on July 7, 1975, he did not bring to the attention of his defense counsel, or the court the breach of the agreement. On July 16, 1975, he appeared for sentencing in Salt Lake County at which time he was sentenced to an indeterminate term in the state prison. Again, he did not mention the violation of the plea-bargaining agreement.

On December 5, 1975, defendant filed his motion to vacate his plea of guilty. Upon hearing, the motion was denied.

In a memorandum decision the trial court stated defendant remained silent nine months after the guilty plea was entered, eight months after the breach occurred, and five months after the final sentence was imposed. It was further observed defendant was no novice in the criminal justice system, and was never at a loss for words in his appearances before the court. The court ruled defendant had waived his right to have the benefit of his bargain. The court said:

> . . . I base it upon my conclusion that he had an opportunity, a right and a duty to speak up concerning the breach before or at the time sentence was imposed, and having failed to do so, he should not at this late date now be permitted to come forth and hold for naught the proceedings had to date.

Defendant contends that under the authority of *Santobello v. New York*[1] he is entitled to withdraw his plea. The majority opinion in *Santobello* does not cite any precise constitutional ground for its holding. The court merely stated that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so it can be said to be part of the inducement or consideration, such promise must be fulfilled. It further stated the ultimate relief to which a defendant is entitled is left to the discretion of the state court.

In a concurring opinion Justice Douglas observed a prosecutor's promise may deprive a guilty plea of the character of a voluntary act. He expressed the view, where a prosecutor has not kept his bargain, the sentence should be vacated and the state court should decide, in light of the circumstances, whether due process requires (a) there be specific performance of the plea bargain or (b) defendant be given the option to go to trial on the original charges.

Justice Marshall, in a dissent, agreed with much of the majority opinion, but he thought defendant should be permitted to withdraw his guilty plea. He said:

> . . . I believe that where the defendant presents a reason for vacating his plea and the government has not relied on the plea to its disadvantage, the plea may be vacated and the right to trial regained at least *where the motion to vacate is made prior to sentence and judgment.* . . . I would not deem the earlier plea to have irrevocably waived the defendant's federal constitutional right to a trial.[2]

The matter before us is more complex than *Santobello*. The prosecutor in the Third Judicial District did not breach the agreement; the district where defendant entered his plea. It was the prosecutor in the First Judicial District, who through inadvertence did not fulfill the letter of the bargain.

Defendant was the only one with knowledge of the breach; and he failed to inform his counsel, or the court, prior to imposition of his sentence.

A sentence in a criminal case is a final judgment, and one seeking to set aside such a final order has the burden of producing convincing proof of a fact which constitutes a legal ground for setting aside such a sentence.[3] A motion to set aside a plea after sentencing is addressed to the sound

1. 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

2. At 404 U.S. 267–268, 92 S.Ct. at 501.

3. *State v. Plum*, 14 Utah 2d 124, 378 P.2d 671 (1963).

discretion of the trial court.[4] Unless the allegations and proof of facts have the effect of requiring the trial court, as a matter of law, to grant the motion, no abuse of discretion has been shown.[5]

Under the circumstances here, defendant irrevocably waived his right to trial, and the trial court did not err, in denying the motion to vacate the plea.

ELLETT and WILKINS, JJ., concur.

CROCKETT, J., concurs in the result.

HENRIOD, C. J., does not participate herein.

4. *State v. Garfield*, Utah, 552 P.2d 129 (1976).

5. *State v. Plum*, note 3, supra.