2001 UT 69

**STATE of Utah, Plaintiff and Appellee,**

v.

**John A. McGEE, Defendant and Appellant.**

**No. 980136.**

Supreme Court of Utah.

Aug. 10, 2001.

---

Mark L. Shurtleff, Att'y Gen., Kris C. Leonard, Asst. Att'y Gen., Salt Lake City, Eric A. Ludlow, Washington County, for plaintiff.

Kenneth L. Combs, St. George, for defendant.

DURHAM, Justice:

¶ 1 On March 2, 1995, Defendant John A. McGee was charged with attempted aggravated murder, a first degree felony, receiving stolen property, a second degree felony, and failure to respond to an officer's signal to stop, a third degree felony. McGee pled guilty to all charges. Two years later, he filed a motion to reduce the first degree felony conviction to a second degree felony. During the resolution of this motion, the State stipulated to a new sentencing hearing, which the trial court granted. Nineteen days after being resentenced, McGee filed a motion to withdraw his plea of guilty to the first degree felony. The district court granted the State's motion to dismiss based on lack of jurisdiction under section 77–13–6(2)(b) of the Utah Code, which requires that plea withdrawals be made "within 30 days after the entry of the plea." We reverse in part and affirm in part.

## BACKGROUND

¶ 2 On March 15, 1995, McGee pled guilty to charges of attempted aggravated murder, receiving stolen property and failure to respond to an officer's signal to stop.[1] Because McGee waived the time for sentencing and the preparation of a presentence report, he was immediately sentenced to serve concurrent terms of five years to life for the first degree felony, one to fifteen years for the second degree felony, and up to five years for the third degree felony.

¶ 3 Sometime in 1995, McGee filed a pro se petition for extraordinary relief in connection with this case.[2] Two years later, after obtaining new counsel, McGee filed a motion to reduce his conviction for the first degree felony to a second degree felony.[3] During the

---

1. On February 28, 1995, Officer Kurt Wright responded to the report of a suspicious vehicle on State Road 9, near Rockville, Utah. Upon arrival, he attempted to identify the two occupants of the vehicle. As the driver searched for identification, Wright observed exposed wiring sticking out of the dash board and noticed that the VIN identification plate on the dashboard appeared to have been altered. While Wright ran a records check, the driver fled. After activating emergency lights and sirens, Wright pursued the vehicle at speeds in excess of 100 miles per hour. When the vehicle stopped, the driver attempted to ram the officer's vehicle. Subsequently, the chase resumed, the driver lost control of his vehicle, and again tried to ram the officer's vehicle. This pattern continued a cou-

ple more times until the driver drove off while firing six rounds at the officer's vehicle. Eventually the driver's vehicle collided with siding on a bridge. The driver was identified as Defendant Johnny A. McGee. In addition, the vehicle driven by McGee was identified as stolen, and McGee's blood samples tested positive for methamphetamine.

2. The record does not disclose the grounds for this petition, *John A. McGee v. Fred Vanderveur,* case number 950501522.

3. McGee asserted that the primary reason for filing this motion was that the arresting officer concurred with the reduction. He also cited to

hearing on this motion, McGee entered into a stipulation with the State whereby he agreed to withdraw his petition for extraordinary relief in exchange for receiving a new sentencing hearing, in which he could request the reduction of the first felony conviction after providing the court with a presentence report and other evidence.[4]

¶ 4 The new sentencing hearing was held on January 14, 1998.[5] After taking the matter under advisement, the district court denied McGee's request for the reduction explaining that "the conduct engaged in by the defendant in his drug-induced paranoia does not justify the reduction in severity of the offense." Accordingly, McGee's conviction on the original charges was again reduced to judgment, and he was resentenced on February 6, 1998.[6]

¶ 5 On February 25, 1998, McGee moved to withdraw his guilty plea for the first degree felony, alleging ineffective assistance of counsel, challenging the voluntariness of his plea,[7] claiming the trial court failed to comply with rule 11(e) in taking the plea, and arguing that he was convicted and sentenced for the first degree felony under the wrong statute. The State filed a motion to dismiss, arguing that the motion was untimely under section 77–13–6(2)(b) of the Utah Code[8] and that therefore the court lacked jurisdiction. The district court granted the State's motion and McGee appealed on various grounds: (1) in-effective assistance of counsel; (2) error in the denial of his motion to withdraw his guilty plea; (3) error in the denial of his request for a reduction of the first degree felony; and (4) the inapplicability of the statute under which he was convicted and sentenced for the first degree felony.[9]

### STANDARD OF REVIEW

¶ 6 The issues before us are (1) whether the district court erred in denying McGee's motion to withdraw his guilty plea,[10] and (2) whether the district court erred in denying his request for a reduction of the first degree felony at his resentencing hearing. The first issue requires review of the district court's interpretation of section 77–13–6 of the Utah Code. This court reviews a district court's statutory interpretation for correctness, affording no deference to the district court. *State v. Vigil,* 842 P.2d 843, 844 (Utah 1992). With respect to the second issue, district courts have wide latitude and discretion in sentencing; therefore a sentence is set aside on appeal only if we find it is "inherently unfair or clearly excessive." *State v. Woodland,* 945 P.2d 665, 671 (Utah 1997).

### DISCUSSION

#### I. MOTION TO WITHDRAW

¶ 7 The State argues that McGee is not entitled to appellate review of the claims

---

his earlier petition for extraordinary relief for support.

4. According to the court's notes from the hearing, "[a] pre-sentence investigation report is to be prepared and the parties will be allowed to present argument in litigation for reduction of the offense. Defendant is not seeking to change his plea."

5. Prior to the hearing, the court received a pre-sentence report and a letter from the Utah State Prison. During the hearing, McGee submitted copies of two reference letters from prior employers and two certificates from the Utah State Prison referencing his completion of an anger management course and a substance abuse program. In addition, McGee testified regarding his prior crime-free life, remorse, and rehabilitation.

6. McGee was sentenced to serve the same terms as in his original sentence. However, the district court specifically recommended the following to the Board of Pardon and Parole: "if this Defen-dant were to serve 15 years ... and then be paroled, the Court finds that the ends of justice would be well met."

7. McGee contended that he was under medication, undergoing methamphetamine withdrawal, and coerced by the State when he entered his guilty pleas.

8. Section 77–13–6(2)(b) of the Utah Code provides in pertinent part, "A request to withdraw a plea of guilty or no contest is made by motion and shall be made within 30 days after the entry of the plea."

9. In the briefs to this court, McGee's counsel concedes that his client was sentenced under the proper statute and therefore abandons this ground for appeal.

10. Issues (1), (2) and (4) referenced above stem from McGee's motion to withdraw his guilty plea.

relating to his untimely motion to withdraw his guilty plea. Specifically, the State contends that the thirty-day limit set forth in section 77–13–6(2)(b) of the Utah Code is jurisdictional in nature. To support this argument, the State cites *State v. Price*, 837 P.2d 578 (Utah Ct.App.1992), which held that section 77–13–6(2)(b)'s thirty-day limit for filing a motion to withdraw a guilty plea ran from the date of the plea colloquy and was jurisdictional in nature.

¶ 8 In the case of *State v. Ostler*, 2001 UT 68, 31 P.3d 528, also issued today, we overruled the holding in *State v. Price*, that the statutory thirty-day limit runs from the plea colloquy. We held that the thirty-day limitation on the filing of a motion to withdraw a plea of guilty or no contest begins to run at the time the trial court enters a final judgment of conviction based on the plea. *See id.* at ¶ 11. In the context of criminal cases, "[the] sentence ... is [the] final judgment," *State v. Soper*, 559 P.2d 951, 953 (Utah 1977), and is the event that triggers the "entry" of the plea within the meaning of the statute. Here the State agreed to permit McGee to be resentenced almost three years after the entry of his original sentence. Accordingly, on February 6, 1998, the district court signed a new sentencing order. The new sentencing order constitutes the final judgment in this case. Because McGee's motion to withdraw his guilty plea was filed nineteen days after the entry of final judgment, it was timely under section 77–13–6(2)(b). Accordingly, we reverse the district court's dismissal of McGee's motion to withdraw his guilty plea. The State's arguments as to the jurisdictional nature of the limit therefore are moot.

## II. MOTION TO REDUCE THE FIRST–DEGREE FELONY

¶ 9 McGee argues that the district court erred in denying his motion for a reduction of the first degree felony to a second degree felony. In this case, rather than reviewing McGee's request during the evidentiary hearing for said motion, the court held a new sentencing hearing pursuant to the stipulation between McGee and the State. In accord with the stipulation, a presentence report was prepared and reviewed by the district court, and McGee was allowed to present argument supporting reduction of the degree of his offense at the hearing on January 14, 1998. At the conclusion of the hearing the court took the matter under advisement.

¶ 10 On January 29, 1998, the court issued a memorandum decision denying McGee's request. In its ruling the court noted McGee's "good behavior ... [and] his clear understanding of the nature of his drug abuse and its contribution to this offense...." The court even acknowledged that McGee's statements during the resentencing hearing "show[ed] a remarkably refreshing insight into his situation." Nevertheless, the court held that "the conduct engaged in by the defendant in his drug-induced paranoia does not justify the reduction in the severity of the offense." Therefore, McGee was again sentenced to serve a term of five years to life on the first degree felony offense. In its order, however, the court included a recommendation that McGee be considered for parole after serving fifteen years.

¶ 11 On appeal, McGee argues that "given [his] history and character ... such as his good work history and relatively clean record up to a two year period immediately prior to the incident ... it would be unduly harsh to record the conviction as being for that degree of offense established by statute." Furthermore, he contends the court's conclusions of law in the resentencing order—specifically the recommendation that he serve fifteen years and then be paroled—is inconsistent with the court's ruling. We are not persuaded that the court's favorable remarks about McGee, nor its recommendation with respect to parole, are inconsistencies that establish an abuse of discretion in the final sentence. The final sentence imposed on McGee " 'reflects the personal judgment of the court.' " *Woodland*, 945 P.2d at 671 (quoting *State v. Gerrard*, 584 P.2d 885, 887 (Utah 1978)). We do not find the final sentence inherently unfair or clearly excessive in light of the facts underlying McGee's conviction. Accordingly, we affirm the sentence.

## CONCLUSION

¶ 12 The district court's order dismissing defendant's motion to withdraw his guilty plea is reversed. Under *State v. Ostler*, 2001 UT 68, 31 P.3d 528, McGee had thirty days from the entry of final judgment to file a motion to withdraw a guilty plea. The district court's order denying McGee's request to reduce the first degree felony conviction is affirmed.

¶ 13 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURRANT, and Justice WILKINS concur in Justice DURHAM's opinion.