2005 UT 43

**STATE of Utah, Plaintiff and Appellee,**

v.

**Morris T. MULLINS, Defendant and Appellant.**

**No. 20040161.**

Supreme Court of Utah.

July 8, 2005.

the face of Mr. Millsap's objection to their form and a motion to reconsider, and we therefore presume their validity.

Mark L. Shurtleff, Att'y Gen., Christopher D. Ballard, J. Frederic Voros, Jr., Asst. Att'ys Gen., Salt Lake City, R. Don Brown, Richfield, for plaintiff.

Keith C. Barnes, Randall C. Allen, Cedar City, for defendant.

DURRANT, Justice:

¶ 1 The sole question presented in this appeal is whether a motion to withdraw a guilty plea remains pending, even after the entry of a final judgment of conviction, if that motion was improperly denied. Defendant Morris T. Mullins argues that the district court improperly denied his timely motion to withdraw his guilty plea by failing to enter findings of fact relating to the motion's denial. Later in the proceedings, the district court declined to consider the merits of two additional motions filed by Mullins seeking the withdrawal of his plea. Mullins filed those motions well past the statutorily set deadline, leading the district court to rule that it lacked jurisdiction over the matter. Mullins appeals from that ruling, arguing that his subsequent motions related back, for jurisdictional purposes, to his first motion, which he asserts remained pending due to its allegedly improper denial. We conclude that Mullins's first motion to withdraw his plea was not pending when his subsequent mo-

tions were filed, and we therefore affirm the district court.

## BACKGROUND

¶ 2 Amy Davis, a seventy-eight-year-old woman, was discovered dead in her Richfield home, the victim of murder and rape. Investigation of the crime led police to arrest Mullins, who was ultimately charged with aggravated murder and rape. Pursuant to a plea bargain with the State, Mullins agreed to plead guilty to aggravated murder. In exchange for the guilty plea, the State agreed to not seek the death penalty, to drop the rape charge, to allow the district court to determine whether Mullins should be granted a parole opportunity, and to not oppose efforts by Mullins to obtain a transfer to another state.

¶ 3 A few months later, Mullins filed a pro se motion to withdraw his guilty plea, arguing that the plea was secured while he was under duress and that critical aspects of the plea agreement had been misrepresented to him by his attorney. Specifically, Mullins alleged that his attorney misled him to believe that by pleading guilty he would not only avoid the death penalty, but would also receive the possibility of parole. After a hearing, the district court denied the motion without issuing a written order. Mullins was subsequently sentenced to life in prison without parole. The district court entered a final judgment of conviction to that effect on May 6, 2002.

¶ 4 On July 9, 2002, Mullins filed a second pro se motion to withdraw his guilty plea, once again arguing that he did not have the opportunity to meaningfully discuss the ramifications of his plea with his counsel. On November 24, 2003, Mullins filed a third motion to withdraw his guilty plea, this time through newly appointed counsel. Some time later, the district court entered an order stating that it had no jurisdiction to consider Mullins's additional motions because they were filed more than thirty days after the entry of his plea.[1] *See* Utah Code § 77–13–6(2)(b) (2001).

---

1. Section 77–13–6 was amended in 2003, elimi-      nating the thirty-day time limit and instead pro-

¶ 5 Mullins contends that the district court erred in concluding that it lacked jurisdiction to entertain the second and third motions. Specifically, Mullins argues that the district court improperly denied his first motion to withdraw his plea and that, as a result, that motion remained pending beyond the entry of his final judgment of conviction. According to Mullins, the district court's jurisdiction over his subsequent motions was thereby preserved because the motions related back to his first, timely motion. We have jurisdiction to hear this appeal pursuant to Utah Code section 78–2–2(3)(h) (2002).

## STANDARD OF REVIEW

¶ 6 We review legal conclusions concerning the existence of jurisdiction for correctness and afford no deference to the district court. *State v. McGee,* 2001 UT 69, ¶ 6, 31 P.3d 531; *Barnard v. Utah State Bar,* 857 P.2d 917, 919 (Utah 1993).

## ANALYSIS

¶ 7 Mullins's position on appeal is that an improperly denied motion to withdraw a guilty plea remains pending even if a final judgment of conviction consistent with the plea has been entered. For the reasons detailed below, we conclude that his position is inconsistent with our prior case law and, if accepted, would cause serious mischief to the appeals process.

¶ 8 When a final disposition of a case is entered by a district court, any unresolved motions inconsistent with that disposition are deemed resolved by implication. *See Zions First Nat'l Bank v. C'est Bon Venture,* 613 P.2d 515, 517 (Utah 1980) (implying that a final judgment inconsistent with an unaddressed motion disposes of the motion by necessary implication); *see also State v. Norris,* 2002 UT App 305, ¶ 8, 57 P.3d 238 (holding that a judgment that is inconsistent with an unaddressed motion disposes of that motion by necessary implication); *cf. Utah Farm Prod. Credit Ass'n v. Watts,* 737 P.2d 154, 157 (Utah 1987) (holding that a motion

to strike was granted by implication due to a subsequent grant of summary judgment); *Colosimo v. Roman Catholic Bishop,* 2004 UT App 436, ¶ 14, 104 P.3d 646 (holding that an unaddressed motion inconsistent with a granted summary judgment was disposed of by necessary implication).

¶ 9 In this case, the district court entered a final judgment of conviction on May 6, 2002. The entry of that judgment, by necessary implication, effectively disposed of Mullins's first timely motion to withdraw his guilty plea. We acknowledge that the district court failed to enter a written order specifically denying that motion and that the final judgment of conviction was silent with respect to that motion. However, as evidenced by minute entries in the record, it is clear that the district court was aware of the motion, considered it, and then rejected it after a hearing.

¶ 10 Mullins further claims that his first motion was improperly denied due to an alleged failure on the part of the district court to enter adequate findings of fact into the record. However, whether a motion is denied properly or improperly is irrelevant to an analysis of whether that motion remains "pending." *See, e.g., Geraci v. Senkowski,* 23 F.Supp.2d 246, 252 (E.D.N.Y. 1998) (holding that "pending," as used in 28 U.S.C. § 2244(d)(2) means "yet to be decided"); Black's Law Dictionary 1154 (7th ed.1999) (defining "pending" as "[r]emaining undecided; awaiting decision"). An improper final decision is still a decision, and any concerns with that decision should be addressed on appeal. If we were to allow improperly denied motions to remain pending beyond the entry of a final judgment of conviction, we would effectively eliminate the limitations period governing such motions. Additionally, such a rule would result in a logical quagmire in which no decision on a motion could ever be considered "final" for purposes of appeal unless the motion was properly denied, as an improperly denied motion would remain "pending." Such a result is untenable and illogical.

---

viding that a motion to withdraw a guilty plea must be made "before sentence is announced." Utah Code Ann. § 77–13–6(2) (2003). This

change does not affect the outcome in this matter, as Mullins's motions were untimely under both versions of the statute.

¶ 11 Because Mullins's first motion to withdraw his plea was not pending at the time his subsequent motions were filed, we conclude that Mullins's subsequent motions did not relate back, for jurisdictional purposes, to his first motion. Consequently, we affirm the district court's order.[2]

## CONCLUSION

¶ 12 We conclude that the district court's entry of a final judgment of conviction disposed of Mullins's first motion to withdraw his guilty plea. Because Mullins's subsequent motions to withdraw his plea were filed beyond the time limitation specified by

statute, the district court had no jurisdiction to address the merits of those motions. Affirmed.

¶ 13 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Justice DURRANT's opinion.

---

**2.** On appeal, both Mullins and the State assume that the failure to seek withdrawal of a guilty plea within the statutory limitation period deprives a district court of jurisdiction to consider the merits of such a motion. That assumption is consistent with our recent holding in *State v. Merrill*, 2005 UT 34, 114 P.3d 585, in which we removed any lingering doubt as to the jurisdictional consequences of a failure to seek a timely withdrawal of a plea. As *Merrill* makes clear, the untimeliness of Mullins's second and third motions to withdraw deprived the district court of jurisdiction to entertain those motions.