IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Murray City, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120060-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (April 12, 2012) |
| Gerrit Timmerman, | ) | |
| | ) | 2012 UT App 110 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake City Department, 115900211
The Honorable Todd M. Shaughnessy

Attorneys:      Gerrit Timmerman, Midvale, Appellant Pro Se
                Frank M. Nakamura and Briant J. Farnsworth II, Murray, for Appellee

-----

Before Judges McHugh, Davis, and Christiansen.

¶1      Gerrit Timmerman seeks to appeal his conviction of multiple charged infractions after a trial de novo in district court. This is before the court on its own motion for summary disposition based on a lack of jurisdiction.

¶2      Utah Code section 78A-7-118 provides for criminal appeals from justice courts. *See* Utah Code Ann. § 78A-7-118 (2011). If a defendant files a timely notice of appeal from a justice court conviction, "a defendant is entitled to a trial de novo in the district court." *Id*. § 78A-7-118(1). "The right to an 'appeal' from a court not of record is satisfied by provision for a trial de novo in a court of record." *Dean v. Henriod*, 1999 UT App 50, ¶ 9, 975 P.2d 946. "The decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." Utah Code Ann. § 78A-7-118(8).

¶3     Timmerman argues that the district court impliedly ruled on the constitutionality of the statutes under which he was charged when the district court denied his motion to dismiss for lack of jurisdiction. Timmerman did not ask the district court to rule on the constitutionality of the statutes in the motion, however, and argued only that the court lacked jurisdiction based on Timmerman's interpretation of constitutional principles. In denying Timmerman's motion to dismiss for lack of jurisdiction, the district court did not need to rule on the constitutionality of the statutes as applied to Timmerman. "A court has subject matter jurisdiction if the case is one of the type of cases the court has been empowered to entertain by the constitution or statute from which the court derives its authority." *Myers v. State*, 2004 UT 31, ¶ 16, 94 P.3d 211. Under Utah Code section 78A-5-102, district courts have appellate jurisdiction over judgments from justice courts. *See* Utah Code Ann. § 78A-5-102(5) (2011). Although Timmerman argued that he was not subject to the statutes under which he was charged, "[a] judgment incorrectly interpreting a rule of law does not divest the court of jurisdiction over the subject matter of the proceeding." *Myers*, 2004 UT 31, ¶ 17. Accordingly, the district court had jurisdiction over the case regardless of Timmerman's legal argument about whether the statutes applied to him.[1]

¶4     Timmerman has not shown that the district court ruled on the constitutionality of the statutes at issue. In fact, he asserts only that the court "impliedly" ruled, which is insufficient to confer jurisdiction on this court.[2] *See* Utah Code Ann. § 78A-7-118(8) (requiring that a district court rule on the constitutionality of a statute or ordinance to confer appellate jurisdiction on this court); *cf. Pleasant Grove City v. Orvis*, 2007 UT App 74, 157 P.3d 355 (holding denial of motion to dismiss did not constitute a ruling on the constitutionality of a statute where such a ruling was not specifically sought). Because the district court did not rule on the constitutionality of a statute or ordinance, its

---

[1]To the extent that Timmerman challenged personal jurisdiction, his challenge also fails because the offenses were committed wholly within the state of Utah. *See* Utah Code Ann. § 76-1-201(1)(a) (2008).

[2]Even if Timmerman's argument in the district court was sufficient to confer jurisdiction, Timmerman does not present a substantial question for review. It is well settled that motor vehicle regulations do not unconstitutionally infringe on a person's right to travel. *See State v. Stevens*, 718 P.2d 398, 399 (Utah 1986).

decision is final pursuant to Utah Code section 78A-7-118(8). As a result, this court lacks jurisdiction over this appeal.

¶5     Dismissed.


_____
Carolyn B. McHugh,
Presiding Judge



_____
James Z. Davis, Judge



_____
Michele M. Christiansen, Judge