*This opinion is subject to revision before final publication in the Pacific Reporter*

**2024 UT 3**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

PARK CITY MUNICIPAL CORPORATION,
*Respondent*,

*v.*

ROBERT EVAN WOODHAM,
*Petitioner*.

No. 20230112
Heard December 13, 2023
Filed February 8, 2024

On Certiorari to the Utah Court of Appeals

Third District, Silver Summit
The Honorable Richard E. Mrazik
No. 225500023

Attorneys:

Margaret D. Plane, Tricia Lake, Park City, for respondent

Robert Evan Woodham, pro se petitioner

JUSTICE POHLMAN authored the opinion of the Court, in which CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE PEARCE, JUSTICE PETERSEN, and JUSTICE HAGEN joined.

JUSTICE POHLMAN, opinion of the Court:

## INTRODUCTION

¶1 Park City Municipal Corporation cited Robert Evan Woodham for failing to yield to stationary emergency vehicles in violation of Utah Code subsection 41-6a-904(2) (emergency vehicle statute). After the justice court found Woodham guilty, he appealed his conviction and received a trial de novo in the district court. At that trial, Woodham presented evidence in an effort to show that he properly yielded to the emergency vehicles. At the

end of his closing argument, Woodham mentioned that "the question" in the case was whether he was "able to avoid" liability "by invoking the due process clause limitation on all statutes." The district court found Woodham violated the emergency vehicle statute.

¶2 Woodham appealed to the court of appeals, which summarily dismissed the case for lack of jurisdiction. The court of appeals cited the statute governing appeals from cases originating in justice court, which permits appellate review of a district court decision only if the district court rules on the constitutionality of a statute or ordinance. *See* UTAH CODE § 78A-7-118(11). The court of appeals concluded that it lacked jurisdiction because the district court had not made such a ruling.

¶3 We granted Woodham's petition for certiorari to address his contention that the court of appeals erred in dismissing his appeal. He concedes that the district court did not *expressly* rule on the constitutionality of a statute, but he maintains that the court of appeals should have heard his appeal based on the district court's *implicit* rejection of his due process argument.

¶4 We agree with Woodham that a district court's implicit ruling on the constitutionality of a statute or ordinance permits appellate review of the district court's decision in a case originating from justice court. But we reject his assertion that the district court implicitly ruled on the constitutionality of the emergency vehicle statute. Because Woodham did not preserve a constitutional challenge to the emergency vehicle statute, the district court could not—and did not—implicitly rule on its constitutionality. Accordingly, the court of appeals did not err in dismissing Woodham's appeal for lack of jurisdiction.

## BACKGROUND

¶5 Around 1:30 a.m. one winter morning, a Park City police officer pulled over Woodham after he failed to slow down and move over for stationary emergency vehicles. Park City charged him with one count of failing to yield to an emergency vehicle in violation of Utah Code section 41-6a-904. That statute provides that when approaching a stationary emergency vehicle with its emergency lights flashing, a driver must: (1) "reduce the speed of the vehicle"; (2) "provide as much space as practical"; and (3) "if practical, with due regard to safety and traffic conditions, make a lane change into a lane not adjacent to the authorized emergency vehicle." UTAH CODE § 41-6a-904(2)(a). The justice court

determined Woodham violated the statute and ordered him to pay a $160 fine.

¶6    Woodham appealed and received a trial de novo before the district court. Proceeding pro se, Woodham explained in his opening statement that the evidence would show he was driving slowly at the time of the incident and that the officer had not "gotten a good look" at the speed of his vehicle. Further, he stated that there was "an interesting question of weather conditions . . . and exactly where the line [is] between needing to make the lane change [and not needing to change lanes]."

¶7    Park City called its first and only witness, the officer who conducted the traffic stop. The officer testified that, at the time of the incident, three emergency vehicles were parked in a line on the side of the highway with their emergency lights flashing. The officer testified further that it was a "clear" and "dry" night, that the traffic was "fairly light," and that Woodham did not slow down or move over as he approached the emergency vehicles.

¶8    Woodham took the stand in his own defense and refuted the officer's statements. He testified that he had, in fact, "reduced [his] speed." And while Woodham acknowledged that he had not switched lanes upon approaching the emergency vehicles, he testified that switching lanes earlier would have been "dangerous." He explained that, as he approached the emergency vehicles, the road was "downhill," "curving," and "not well lit"; he perceived a "slight loss of tire traction" because the outside temperature was below freezing; and he was concerned there could be a vehicle in his "blind spot."

¶9    In his closing argument, Woodham again told the district court that he was driving "slowly" and "very cautious[ly]," and that he "reduc[ed] [his] speed" and "did yield" to the emergency vehicles. As reflected in the trial transcript, Woodham then stated:

> I think the case really just comes down to whether [Park City] can get the defendant on a technicality on the third prong . . . . And so the question is was the defendant able to avoid the technicality by invoking the due process clause limitation on all statutes. So -- and a famous case from [the] New York Court of Appeals, the common law rule that comes from the due process of law is that if an action would be more dangerous -- if compliance with the statute would be

more dangerous than non-compliance, the statute is (inaudible) applied.

> And so in this case, you have to ... do a balancing test. So it's really obvious that defendant posed absolutely no risk to the officers on the side of the road from a common sense perspective .... Who is holding zero risk here? In my view, that's the only legal question in this case, and I would request that you find the statute (inaudible) applied or in the alternative, I don't totally understand ... Utah statutes, maybe the statute's kind of ambiguous for me. It's in line with that constitutional rule and it's saying the same thing that -- and is respecting what -- is following (inaudible) exact same lines as the constitutional (inaudible). That's all.[1]

¶10 After considering the evidence, the district court determined that the "safety and traffic conditions" permitted Woodham to make the lane change upon approaching the emergency vehicles and, consequently, that Woodham was guilty of an infraction for failing to comply with the emergency vehicle statute. The court did not impose a fine but ordered Woodham to complete a four-hour driving course. Before adjourning, the court asked, "Mr. Woodham, anything else today, sir?" Woodham replied, "No."

¶11 Woodham appealed his conviction to the Utah Court of Appeals. In an unpublished order, the court summarily dismissed the case for lack of jurisdiction on the ground that the district court "did not rule on the constitutionality of a statute or ordinance." The court of appeals cited Utah Code section 78A-7-118, which provides that the district court's decision arising from a justice court appeal is final "unless the district court rules on the constitutionality of a statute or ordinance." UTAH CODE § 78A-7-118(11).[2]

---

[1] As shown above, some of Woodham's statements were inaudible and thus not transcribed. Woodham has not tried to supplement the record to fill in any of the blanks.

[2] When Woodham filed his appeal with the court of appeals, a prior version of the statute was in effect. We cite the current version because the relevant provision of the statute has not changed.

¶12 Woodham petitioned this court for review. We granted certiorari on the question of whether the court of appeals erred in concluding that the district court had not ruled on the constitutionality of the emergency vehicle statute.

## ISSUE AND STANDARD OF REVIEW

¶13 Woodham contends that the court of appeals erred in concluding it did not have jurisdiction over his appeal. "Whether appellate jurisdiction exists is a question of law, which we review for correctness." *EnerVest, Ltd. v. Utah State Eng'r*, 2019 UT 2, ¶ 12, 435 P.3d 209 (cleaned up).

## ANALYSIS

¶14 Utah Code section 78A-7-118 governs appeals from the justice court. In general, the statute provides criminal defendants the right to appeal a justice court conviction and receive a trial de novo in the district court, *see* UTAH CODE § 78A-7-118(2), but it limits a defendant's ability to seek review of the district court's decision, *see id.* § 78A-7-118(11). Once a defendant receives a trial de novo, "[t]he decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." *Id.*

¶15 Here, the court of appeals concluded it "lack[ed] jurisdiction" over Woodham's appeal because "[t]he district court did not rule on the constitutionality" of the emergency vehicle statute. Attempting to read between the lines of the court of appeals' order, Woodham posits that this conclusion was premised on the lack of an "*explicit*" ruling by the district court. (Emphasis added.) He contends the district court *implicitly* ruled on his "constitutional objection" and that the court of appeals erred in failing to so recognize.

¶16 For its part, Park City maintains that Woodham "did not sufficiently raise or develop a constitutional issue for the trial judge's consideration" and, consequently, "the trial court did not rule" on the constitutionality of the emergency vehicle statute. And even if Woodham adequately raised a constitutional challenge, Park City cites *Murray City v. Timmerman* to argue that "an implied ruling does not confer jurisdiction" under Utah Code subsection 78A-7-118(11). (Citing 2012 UT App 110, ¶¶ 3–4, 276 P.3d 1240 (per curiam).)

¶17 As the parties' arguments suggest, it is unclear from the text of the court of appeals' order on what basis the court concluded

it lacked jurisdiction over Woodham's appeal. One possibility is that the court determined that the district court did not rule on a constitutional challenge to the emergency vehicle statute because Woodham did not adequately raise one. Another possibility is that the court did not consider whether the district court implicitly rejected a challenge to the emergency vehicle statute because, under *Timmerman*, an implied ruling would not suffice to permit appellate review. *See* 2012 UT App 110, ¶ 4 (holding an implied ruling "is insufficient to confer [appellate] jurisdiction"). In any event, what is clear is that the court of appeals correctly dismissed Woodham's appeal for lack of jurisdiction. But we take this opportunity to clarify that a district court's implicit ruling on the constitutionality of a statute or ordinance suffices to permit appellate review under Utah Code subsection 78A-7-118(11). We therefore disavow *Timmerman*'s holding to the contrary.

¶18   In other contexts, we have recognized that courts can rule "expressly or by necessary implication." *Zions First Nat'l Bank v. C'Est Bon Venture*, 613 P.2d 515, 517 (Utah 1980); *see also, e.g.*, *City of Grantsville v. Redevelopment Agency*, 2010 UT 38, ¶ 34 n.5, 233 P.3d 461 (concluding that, in granting summary judgment to defendants, the district court implicitly denied plaintiff's motion for leave to amend its complaint); *Utah Farm Prod. Credit Ass'n v. Watts*, 737 P.2d 154, 157 (Utah 1987) (recognizing that the district court necessarily granted defendants' motions to strike when it granted their summary judgment motion). And we have explained that "[w]hen a final disposition of a case is entered by a district court, any unresolved motions inconsistent with that disposition are deemed resolved by implication." *State v. Mullins*, 2005 UT 43, ¶ 8, 116 P.3d 374. In light of this, we see no reason why Utah Code subsection 78A-7-118(11)'s use of the word "rule" would not encompass both express and implied rulings, where the language of the statute does not suggest otherwise. To allow for appellate review of a district court decision, the statute requires only that the district court "rule[] on the constitutionality of a statute or ordinance." UTAH CODE § 78A-7-118(11). Contrary to the court of appeals' conclusion in *Timmerman*, we hold that such a ruling can be either express or implied.

¶19   But in reaching this conclusion, we emphasize that our usual requirements of preservation apply in this context. This means that for a district court to rule impliedly on the constitutionality of a statute or ordinance, a party must first raise the issue "to a level of consciousness such that the trial court can

consider it." *See Neese v. Utah Bd. of Pardons & Parole*, 2017 UT 89, ¶ 16, 416 P.3d 663 (cleaned up).

¶20 As we have explained, "[p]reservation requires that an issue be presented to the trial court in such a way that the trial court has an opportunity to rule on it." *Salt Lake City v. Kidd*, 2019 UT 4, ¶ 32, 435 P.3d 248 (cleaned up). This demands that a party specifically and timely raise the issue with supporting evidence or relevant legal authority. *See id.* "Mere mention of a constitutional right, phrase, or principle does not raise a constitutional claim." *Id.* ¶ 35; *see also Neese*, 2017 UT 89, ¶ 16 ("[T]he mere fact that a party mentioned an issue without introducing supporting evidence or relevant legal authority doesn't suffice . . . ." (cleaned up)). And if we are to give meaning to implicit rulings for purposes of subsection 78A-7-118(11), we must ensure that the alleged constitutional challenge is preserved. Otherwise, we have no assurance that the court was on notice of the challenge or that it intended, in its silence, to resolve it. *Cf. Kidd*, 2019 UT 4, ¶ 32 ("[T]he preservation requirement puts the trial judge on notice of the asserted error and allows for correction at that time in the course of the proceeding." (cleaned up)).

¶21 Here, because Woodham did not preserve a constitutional challenge to the emergency vehicle statute, the district court could not have implicitly rejected that challenge. To begin, in his opening statement, testimony, and closing argument, Woodham made fact-based arguments: he argued that he reduced his speed when approaching the emergency vehicles and that switching lanes would have been dangerous. In other words, Woodham argued that he did not violate the emergency vehicle statute, not that the statute was unconstitutional.

¶22 It is true that, at the end of his closing argument, Woodham mentioned that his defense was a "legal" challenge under the "constitutional" "due process clause," and he also alluded to "a famous case from [the] New York Court of Appeals." But characterizing a factual argument as "legal" in nature does not make it so. And one cannot utter a few words with constitutional flavor and point to the court's silence as an implicit denial. *See supra* ¶ 20. Among other things, Woodham did not specify which due process clause—state or federal—he intended to invoke, nor did he explain what made the emergency vehicle statute unconstitutional. Moreover, Woodham did not support his purported constitutional challenge with relevant legal authority. Although he referenced "a

famous case from [the] New York Court of Appeals," he did not provide the court with a case name, a citation, or an explanation of how it applied to his case.

¶23 Further, it was far from evident that Woodham even intended to challenge the constitutionality of the emergency vehicle statute. Woodham asserted that the issue before the court was whether he was "able to avoid" liability under the statute "by invoking the due process clause limitation on all statutes." A challenge under the due process clause—were it adequately raised—implicates a constitutional issue, but that is not necessarily the same as challenging the constitutionality of the statute. And it is possible that, when Woodham stated that the statute was "(inaudible) applied," he said it was unconstitutional as applied. But his surrounding statements were that the statute is "in line with that constitutional rule and it's saying the same thing" and "following" the "exact same lines as the constitutional" rule. These statements suggest that, as Woodham saw it, the statute comported with the constitution.[3]

¶24 In sum, had Woodham preserved a challenge to the constitutionality of the emergency vehicle statute and the court implicitly rejected it, we would not hesitate to decide that the jurisdictional requirement of Utah Code subsection 78A-7-118(11) was met. But Woodham's stray mentions of constitutional due process were inadequate to raise a constitutional challenge to the emergency vehicle statute, and the district court could not have implicitly ruled on a challenge that was never made.

## CONCLUSION

¶25 We disavow the court of appeals' conclusion in *Murray City v. Timmerman*, 2012 UT App 110, ¶ 4, 276 P.3d 1240 (per curiam), that a district court's implied ruling rejecting a challenge to the constitutionality of a statute or ordinance is insufficient to confer jurisdiction under Utah Code subsection 78A-7-118(11). But we ultimately conclude that the district court here did not make an implied ruling. This is because Woodham did not preserve a challenge to the constitutionality of the emergency vehicle statute. Without a ruling—express or implied—on the constitutionality of

---

[3] Woodham apparently still sees it this way. In his brief on appeal, he states that his "final claim was that the constitutional necessity argument was basically the same as the necessity 'defense,' or exception, created by the statute."

the statute, the court of appeals properly dismissed Woodham's appeal for lack of jurisdiction. We affirm.

————————