**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 13, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

ROBERT EVAN WOODHAM,

    Plaintiff - Appellant,

v.

HIRERIGHT, LLC; UBER
TECHNOLOGIES LLC;
AMAZON.COM LLC; RICHARD E.
MRAZIK; ROBERT P. FAUST; PARK
CITY; WEST VALLEY CITY; SALT
LAKE CITY; GLENDALE,
ARIZONA; PHOENIX, ARIZONA;
JOSHUA N. MOZELL,

    Defendants - Appellees.

No. 25-4119
(D.C. No. 2:25-CV-00328-DBP)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Robert Evan Woodham, proceeding pro se,[1] sued various defendants for alleged violations of the Fair Credit Reporting Act, the Americans with Disabilities Act, and the Fourteenth Amendment's Due Process Clause. The district court dismissed his complaint under Rule 12(b)(1), Rule 12(b)(6), and 28 U.S.C. § 1915. Woodham appeals. But he fails to develop any argument for reversal, so exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's judgment.

# I

Before discussing the merits of Woodham's appeal, we first review the facts alleged in his complaint and describe the relevant procedural history. As we normally do when reviewing a district court's dismissal of the complaint, we draw the facts from the allegations in the complaint itself. *See, e.g.*, *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1213 (10th Cir. 2003).

---

[1] "While we generally construe pro se pleadings liberally[,] the same courtesy need not be extended to licensed attorneys." *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) (citations omitted). From the record, it appears that Woodham is a law school graduate who is not currently licensed to practice law. We have afforded the benefit of liberality to such pro se litigants in the past and we will do the same here. *See, e.g.*, *West-Helmle v. Denver District Attorney's Office*, 2025 WL 2317368 at *1 n.1 (10th Cir. Aug. 12, 2025) (we cite unpublished decisions for their persuasive value only and do not treat them as binding precedent pursuant to Tenth Circuit Rule 32.1(A)). Even so, we cannot act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## A

Woodham is a Utah resident. Until last year, Woodham worked for Uber and Amazon. During his time working for these two companies, he experienced several problems. For example, at both Uber and Amazon, Woodham labored under mandatory masking policies adopted during the COVID-19 pandemic. In 2023, he was temporarily suspended from driving for Uber after a third-party company, HireRight, provided Uber with a background check on Woodham indicating that he had been previously convicted for driving while his license was suspended. Although Woodham was reinstated, his contract was later terminated by Uber after the company received another allegation about Woodham. Woodham's contract with Amazon was also terminated after several packages were marked as stolen.

In addition to Woodham's employment problems, he has also experienced some licensure and traffic troubles.[2] In West Valley City, Utah, his license was suspended. A week later, in Salt Lake City, his car was impounded by the police after he was caught driving while his license was suspended. In Park City, Utah, he received another traffic citation.

---

[2] The timeline for these events is a little unclear from the complaint, but also is ultimately irrelevant.

Woodham appealed that citation all the way to the Utah Supreme Court, which ultimately affirmed Woodham's conviction. *Park City Municipal Corporation v. Woodham*, 545 P.3d 221, 226 (Utah 2024). Woodham has "filed a pending post-conviction petition." R. at 27.

Finally, in addition to Woodham's employment and traffic issues, he has also experienced some issues in his family life. He had previously obtained a protective order against his father in Arizona and tried to "transfer" the order to Utah. A Utah court declined Woodham's request. In Arizona, Woodham's father challenged the protective order. In other proceedings, the Arizona courts denied Woodham's protective order petitions.

**B**

In the district court, Woodham brought clusters of claims that roughly fall into each of these three fact categories. With respect to his employment issues, Woodham brought FCRA claims against HireRight and Uber and ADA claims against Uber and Amazon. With respect to his traffic issues, Woodham brought due process claims against West Valley City, Salt Lake City, Park City, and a Utah judge who presided over Woodham's Park City proceedings. With respect to his family issues, Woodham brought due process claims against the Utah judge who presided over his protective order proceedings, his father's attorney in Arizona, and the cities of Phoenix

4

and Glendale in Arizona, where he had additional protective order proceedings.

Upon screening Woodham's complaint, the district court ordered Woodham to file an amended complaint that addressed the court's concerns that it lacked subject-matter jurisdiction, that the complaint failed to state a claim, and that Woodham's allegations were frivolous. Woodham declined to file an amended complaint, instead filing a "response" to the district court's order. The district court thereafter dismissed Woodham's complaint on all the grounds it had previously flagged. This timely appeal followed.

## II

We generally review the dismissal of a complaint de novo. *Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999). "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). Under Rule 12(b)(1), the district court may dismiss a complaint where its allegations are insufficient to establish subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(6), the district court may dismiss a complaint where its allegations are insufficient to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

5

Under § 1915(e), however, we review the district court's decision to dismiss a claim as "frivolous or malicious" for an abuse of discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 33 (1992); 28 U.S.C. § 1915(e)(2)(B)(i). The district court abuses its discretion when its decision rests on an erroneous conclusion of law or a clearly erroneous finding of fact. *United States v. McComb*, 519 F.3d 1049, 1054 (10th Cir. 2007). "[A] complaint. . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams¸* 490 U.S. 319, 325 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[.] Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 327–28.

The district court dismissed Woodham's complaint on Rule 12(b)(1), Rule 12(b)(6), and § 1915 grounds. We address each in turn and find Woodham's appeal to be meritless.

**A**

The district court first held that it lacked jurisdiction over Woodham's complaint "to the extent he seeks to challenge state court proceedings," citing the *Rooker-Feldman* and *Younger* abstention doctrines. R. at 77.

6

Under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). "Even when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal-court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests. The classic example of this proposition, generally referred to as the *Younger* doctrine, is a federal suit to enjoin a pending state criminal proceeding." *D.L. v. Unified School District No. 497*, 392 F.3d 1223, 1227–28 (10th Cir. 2004).

On appeal, Woodham's exclusive argument with respect to jurisdiction is that "[o]bviously, 1983 suits regarding misconduct are not appeals of state court decisions and have nothing to do with *Rooker*." Op. Br. at 2. To the contrary, *Rooker-Feldman* is often implicated in § 1983 suits. *See, e.g.*, *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1194 (10th Cir. 2010) (malicious prosecution claim barred by *Rooker-Feldman*). Even construing Woodham's complaint in his favor and liberally construing his appellate brief, Woodham cannot escape the conclusion that the cluster of due process claims involving his traffic and family legal troubles are barred

by *Rooker-Feldman* because they invite the federal courts to "review and reject[]" his unfavorable state court judgments. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Woodham also never once addresses *Younger* abstention, so we deem that issue waived. *United States v. Walker*, 918 F.3d 1134, 1151 (10th Cir. 2019).[3]

That said, *Rooker-Feldman* and *Younger* are jurisdictional limits. *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 514–15 (10th Cir. 2023); *D.L.*, 392 F.3d at 1228–29. A dismissal for lack of jurisdiction must ordinarily be without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006). The district court's judgment does not reflect whether dismissal was entered with or without prejudice. Out of an abundance of caution, and as we have done in the past, we will vacate this part of the district court's judgment and remand with instructions to "modify the dismissal of these claims to be without prejudice." *McAuliffe v. Vail Corporation*, 69 F.4th 1130, 1156 (10th Cir. 2023).

---

[3] Woodham may also have a problem under *Heck v. Humphrey*, which bars federal court review of state criminal convictions or sentences that have not been terminated "in favor of the accused." 512 U.S. 477, 484 (1994). But since *Rooker-Feldman* and *Younger* suffice to affirm, we do not reach this issue.

**B**

With respect to Woodham's remaining claims, the district court held that the complaint did not contain sufficient factual allegations to survive Rule 12(b)(6) scrutiny. There is no basis for reversing this conclusion. Woodham argues that the district court erroneously required him to attach evidence in support of his claims; it did no such thing, so far as the record discloses. Woodham argues that the district court did not adequately credit his prior legal experience as a factor in support of his complaint's plausibility. But that would have been an impermissible factor for the district court to rely on because the court cannot determine a complaint's plausibility based on its own determination of a plaintiff's credibility. *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 41 (Fed. Cir. 2024). At bottom, Woodham did not allege any more than what the Supreme Court has said cannot survive Rule 12(b)(6): "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**C**

The district court also held that Woodham's complaint was frivolous under § 1915. Woodham does not address § 1915 or the frivolousness inquiry on appeal. We therefore deem this issue waived. *Walker*, 918 F.3d

at 1151. We affirm the district court's decision to dismiss Woodham's claims, not otherwise dismissed for lack of jurisdiction, as frivolous.

## III

Finally, appellate filings that "do little more than attempt to impugn (without basis) the integrity of the district judge [or his staff] . . . are intolerable, and we will not tolerate them." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).[4] "We admonish [Woodham] that we will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge [or his staff]." *West-Helmle v. Denver District Attorney's Office*, 2025 WL 2317368 at *8 n.6 (10th Cir. Aug. 12, 2025) (unpublished) (internal quotations omitted).

With these observations, the district court's judgment is AFFIRMED in part and VACATED in part. We vacate the district court's judgment only

---

[4] As one example, Woodham takes aim at the district court judge's law clerk, characterizing them as a "bossy 25-year old," "haughty," and "too busy struggling with rudimentary reading and writing composition," among other unnecessary and inflammatory insults. Op. Br. at 3, 4, 9.

as to claims barred by *Rooker-Feldman* or *Younger*, and we remand with instructions to dismiss those claims without prejudice.

Entered for the Court

Richard E.N. Federico
Circuit Judge